**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SENSIVA HEALTH, LLC**<br><br>**VERSUS**<br><br>**UNIVERSAL MEDITECH, INC. and KAREKIN KHATCHADOORIAN** | **CIVIL ACTION NO.**<br><br>**JUDGE**<br><br>**MAGISTRATE JUDGE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Sensiva Health, LLC files this Complaint against Defendants Universal Meditech, Inc. and Karekin Khatchadoorian, and alleges the following:

## PARTIES

1. Plaintiff herein is Sensiva Health, LLC ("Cormeum"), a Louisiana Limited Liability Company with all members thereof being citizens of Florida and South Carolina.

2. Defendant herein is Universal Meditech, Inc. ("UMI"), a California Corporation with, on information and belief, its principal place of business in Fresno, CA.

3. Also named as a Defendant herein is Karekin Khatchadoorian, an individual of the full age of majority, who, on information and belief, is a citizen of and is domiciled in the State of California

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1332 because this dispute is between citizens of different states and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

5. This Court has personal jurisdiction over UMI because the contractual relationship between UMI and Sensiva that is the subject of this lawsuit arises out of contacts that UMI created with the forum state of Louisiana, and this dispute arises directly from those contacts. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims brought in this action occurred in this district and/or constituted actions directed towards this district. Venue is also proper in this district because a substantial part of the property that is subject of this action is situated here.

## BACKGROUND

6. On January 28, 2021, Sensiva and UMI entered into Purchase Order No. PO-0128 (the "Purchase Order"), attached hereto as Ex. A, whereby UMI agreed to manufacture 700,000 Lateral Flow Devices ("LFDs").

7. Thereafter, Sensiva made payment to UMI of a deposit in the amount of $525,000.00 pursuant to the Purchase Order.

8. On March 4, 2021, Sensiva and UMI executed a Letter Agreement, attached hereto as Ex. B, which amended the Purchase Agreement to provide a schedule for the remaining payments due by Sensiva to UMI for the LFDs to be provided pursuant to the Purchase Order.

9. All payments referenced in and required by the Purchase Order were expressly "[s]ubject to clearance of Sensiva Quality Control ("QC") inspection that shall be performed at UMI's facility." *See* Ex. B, at FNs 1&2.

10. After the Letter Agreement was executed by the parties, Sensiva performed a QC inspection of the LFDs at UMI's facility on March 12, 2021.

11. At that QC inspection, the LFDs were found to be substantially out of compliance with the specifications set forth in the Purchase Order.

12. The issues and defects discovered by Sensiva at the QC inspection included but were not limited to the following;

(i) The LFD's were packed in bags without desiccant. Even though they are in cold storage, there are still humidity concerns surrounding transportation, storage, and packing. Sensiva outlined the importance of the desiccant packs and listed "***BULK SHIPPED & VACUUM SEALED WITH DESICCANT IN BAG***" on the purchase order under the "Specifications" section.

(ii) UMI had changed the color of the cassettes without Sensiva's approval or authorization.

(iii) The water cooler style containers used to hold the diluent were not sterile, and did not appear to have been filled in a sterile environment.

13. Moreover, at the QC inspection could not be completed because (i) Sensiva was only permitted to inspect approximately half of the LFDs and (ii) UMI failed to provide positive and negative controls sufficient to perform on-site QA / QC testing.

**COUNT ONE: BREACH OF CONTRACT**

14. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 12 of this Complaint as if the same were restated herein.

15. UMI breached its obligations due to Sensiva under both the Purchase Order and the Letter Agreement (which breaches caused and continue to cause Sensiva to incur substantial direct and consequential damages), and is indebted to Sensiva for Sensiva's damages incurred thereunder.

16. Despite UMI's failure to provide adequate LFDs due to Sensiva under the Purchase Order and the Letter Agreement that conform to the specifications set forth in the Purchase Order, UMI has failed to reimburse the substantial deposit in the amount of $525,000.00 that Sensiva paid to UMI under the Purchase Order.

**COUNT TWO: FRAUD**

17. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 15 of this Complaint as if the same were restated herein.

18. Along with UMI, Defendant Khatchadoorian is personally liable to Sensiva because he specifically represented to Sensiva the following with respect to the LFDs, despite knowing that such representations were false:

(i) That the LFDs were completed.

(ii) That the LFDs contained updated cartridges with CT lines that were clearly marked.

(iii) That the LFDs contained proper chromatography paper with no control line drop outs

(iv) That the LFDs would be bulk shipped and vacuum sealed with desiccant in bag.

(v) That the LFDs would have buffer solution in bulk

(vi) That UMI would provide positive controls sufficient to test 25 LFDs per 5,000 tests.

19. Defendant Khatchadoorian made these misrepresentations to Sensiva with the intention to obtain an unjust advantage and to cause a loss or inconvenience to the Sensiva.

**JURY DEMAND**

20. Plaintiff requests a trial by jury on all claims so triable.

WHEREFORE, Plaintiff, Sensiva Health, LLC, prays that after all due proceedings had, there be a judgment in favor of Plaintiff, and against Defendants, Universal Meditech, Inc. and Karekin Khatchadoorian for all sums due to the Plaintiff, together with interest thereon at the legal rate, as well as all reasonable costs and attorney's fees associated with this litigation and proceedings. Plaintiff further prays for all other general and equitable relief in the premises.

Respectfully submitted,

*/s/Tarak Anada*

TARAK ANADA (#31598)
TREY K. BARTHOLOMEW (#39114)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
And
445 North Blvd., Ste. 800
Baton Rouge, LA 70802
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com
tbartholomew@joneswalker.com
*Attorneys for Sensiva Health, LLC*