**EXHIBIT G**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SENSIVA HEALTH, LLC**<br><br>**VERSUS**<br><br>**UNIVERSAL MEDITECH, INC. and KAREKIN KHATCHADOORIAN** | **CIVIL ACTION NO. 21-00598**<br><br>**JUDGE GREG GERARD GUIDRY**<br><br>**MAGISTRATE JUDGE MICHAEL NORTH**<br><br>**JURY TRIAL DEMANDED** |

**SENSIVA HEALTH, LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Sensiva Health, LLC ("Plaintiff" or "Sensiva") submits its First Set of Interrogatories and Requests for Production of Documents to Defendants Universal Meditech, Inc. ("UMI") and Karekin Khatchadoorian. Each interrogatory and document request is subject to the Definitions and Instructions set forth below.

**DEFINITIONS**

1. "You," "Your," "Defendant," or "Defendants" means, individually or collectively, as applicable, Karekin Khatchadoorian and UMI and its current and former affiliates, subsidiaries, agents, purported assignors, and representatives, both individually and collectively.

2. "Document" is used in the broadest possible sense to mean anything which may be within the meaning of Rule 34 of the Federal Rules of Civil Procedure, and includes without limitation any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" includes without limitation,

correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by a plaintiff or anyone else.

3. “Concerning,” “Reflecting,” “Regarding,” and “Relating to” are used in the broadest possible sense and mean, in whole or in part, addressing, analyzing, constituting, containing, commenting, in connection with, dealing, discussing, describing, embodying, evidencing, identifying, pertaining, referring, reporting, stating, or summarizing.

4. “Communication” is used in the broadest possible sense and means every conceivable manner or means of disclosure, transfer or exchange of oral or written information between one or more persons, entities, devices, platforms or systems.

5. “Describe,” “state,” and “set forth” mean to indicate fully and unambiguously each relevant fact of which You have knowledge.

6. “Possession” means Your immediate possession, including items held by agents, employees, officers, directors and any and all other principals or assigns, as well as constructive

possession by virtue of Your ability to retrieve, request, order, copy, borrow, purchase or locate the aforesaid document or information.

## INSTRUCTIONS

1. These requests seek documents created in, or in any way covering, in effect, or relating to the period from September 1, 2020 to the present.

2. You are to produce entire documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any documents. Copies which differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. Privileged redactions must be included in a privilege log; any non-privileged redactions must also be included in a log describing the basis for the redaction. Please produce all electronically-stored documents in electronic, machine-readable form.

3. If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

4. If any privilege is claimed as a ground for not producing a document or tangible thing, provide a privilege log describing the basis for the claim of privilege in accordance with Fed. R. Civ. P. 26.

5. Whenever necessary to bring within the scope of a Request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

a. Construing the terms “and” and “or” in the disjunctive or conjunctive, as necessary, to make the Request more inclusive;
b. Construing the singular form of any word to include the plural and the plural form to include the singular;
c. Construing the past tense of the verb to include the present tense and the present tense to include the past tense;
d. Construing the masculine form to include the feminine form;

e. Construing negative terms to include the positive and vice versa;

f. Construing "include" to mean include or including "without limitation."

7. Each Request is propounded separately upon each named Defendant and requires a separate response from each Defendant.

8. These document Requests are continuing in character so as to require You to produce additional documents if You obtain further or different information at any time before trial.

9. These document Requests request documents in Your possession, including documents of Your agents, representatives, and unless privileged, Your attorneys.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the Person(s) who have knowledge regarding any of the allegations raised in Sensiva's Amended Complaint (R. Doc. 12) or Your Counterclaim (R. Doc. 18).

**INTERROGATORY NO. 2:**

Identify all persons or entities to whom You marketed, offered, sold, licensed, or otherwise made available Lateral Flow Devices ("LFDs"), including designating the relevant country, contact information, and dates of distribution and/or sale.

**INTERROGATORY NO. 3:**

Identify all persons or entities You have contacted to manufacture LFDs or who have manufactured LFDs for you.

**INTERROGATORY NO. 4:**

Identify all persons or entities who You have purchased LFDs from and/or sold LFDs to and provide the relevant dates of manufacture, purchase, and/or sale.

**<u>INTERROGATORY NO. 5</u>:**

State whether You or any of Your affiliates have manufactured LFDs and if so state the dates of manufacture and location where the LFDs were manufactured.

**<u>INTERROGATORY NO. 6</u>:**

Identify all persons or entities who assisted with or were involved in any manner with the negotiation, formation, and/or implementation of the Development Agreement or the January 28, 2021 Purchase Order (Rec. Doc. 12-3) and/or the March 4, 2021 Letter (Rec. Doc. 12-4).

**<u>INTERROGATORY NO. 7</u>:**

Identify all individuals or entities with an ownership interest in UMI and/or who serve as members or managers of UMI and for each individual or entity provide their ownership interest in UMI.

**<u>INTERROGATORY NO. 8</u>:**

State the name, address, and phone number of all entities for/to whom You ever manufactured or sold LFDs.

**<u>INTERROGATORY NO. 9</u>:**

State the physical address of all facilities at which You have manufactured LFDs.

**<u>INTERROGATORY NO. 10</u>:**

To the extent some other entity manufactures LFDs for You to sell, state the name and physical address of the facilities of each entity.

**<u>INTERROGATORY NO. 11</u>:**

Describe any and all products that You ever marketed to Sensiva, including the country of manufacture, the address of where each product was manufactured, all people involved in the

manufacturing process, the price at which each product was marketed/sold to Sensiva, and UMI's cost of production of each product.

**INTERROGATORY NO. 12:**

Identify all people that have knowledge of UMI's dealings with Sensiva, UMI's LFD manufacturing processes, and the corporate structure of UMI.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Produce copies of all Documents identified or referenced in your Responses to Sensiva's First Set of Interrogatories to Defendants.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all Documents and Communications, including internal UMI Communications, regarding Sensiva.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all Documents and Communications related to the negotiation, confection, and/or modification of the Development Agreement.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all Documents and Communications regarding the Development Agreement.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all Documents and Communications related to the negotiation, confection, and/or modification of the January 28, 2021 Purchase Order (Rec. Doc. 12-3) and/or the March 4, 2021 Letter (Rec. Doc. 12-4).

**REQUEST FOR PRODUCTION NO. 6:**

Produce all Documents and Communications regarding the January 28, 2021 Purchase Order (Rec. Doc. 12-3) and/or the March 4, 2021 Letter (Rec. Doc. 12-4).

**<u>REQUEST FOR PRODUCTION NO. 7</u>:**

Produce all Documents and Communications related to persons and entities to whom You offered, sold, licensed, or otherwise made available LFDs, including but not limited to any contracts, purchase orders, and proof of payment

**<u>REQUEST FOR PRODUCTION NO. 8</u>:**

Produce all Documents and Communications related to persons and entities You have contacted to manufacture LFDs or who have manufactured LFDs for You.

**<u>REQUEST FOR PRODUCTION NO. 9</u>:**

Produce all Documents and Communications relating to the country of origin/manufacture of Your LFDs.

**<u>REQUEST FOR PRODUCTION NO. 10</u>:**

Produce all photographs of any products that are being held at UMI facilities that were allegedly manufactured to be sold to Sensiva.

**<u>REQUEST FOR PRODUCTION NO. 11</u>:**

Produce for inspection all products that You allege are being held at Your facilities for delivery to Sensiva.

**<u>REQUEST FOR PRODUCTION NO. 12</u>:**

Produce all Documents and Communications that reflect quality control standards, storage protocols, and sterilization measures relating to diluent solutions and cartridges for your products.

**<u>REQUEST FOR PRODUCTION NO. 13</u>:**

Produce all Documents and Communications related to persons and entities who have purchased LFDs from You or sold LFDs to You, including but not limited to any contracts, purchase orders, and proof of payment.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all Documents and Communications related to Your manufacturing of LFDs, including but not limited to documents related to when the LFDs were first manufactured, where the LFDs were manufactured, and who the LFDs were manufactured for.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all Documents and Communications regarding Sensiva's quality control inspection of Your LFDs at UMI's facility.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all Documents and Communications regarding the specifications set forth in the January 28, 2021 Purchase Order (Rec. Doc. 12-3).

**REQUEST FOR PRODUCTION NO. 15:**

Produce true copies of each and every general liability insurance policy, supplemental insurance policy, and directors and officer's insurance policy issued to You for the periods covering January 2020 to the present.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all Documents that evidence and/or relate to the damages for which you seek recovery in this action.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all Documents that you intend to use for any reason at any hearing or trial of this matter.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all Documents and Communications relating to, evidencing, or showing the structure, function, operation, or design of any version of the LFDs manufactured by or for UMI,

including but not limited to patent applications, notes, correspondence, memoranda, reports, evaluations, surveys, studies, presentations, technical lectures, talks, prototypes, samples, advertisements, marketing materials, contracts and agreements such as, without limitation, those relating to venture capital, user guides, product literature, preparatory works, drawings, development documentation, and maintenance document, referring to, evidencing, showing the structure, function, operation or design of any version of the LFDs.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all Documents and Communications relating to the design and/or development of all versions of the LFDs or parts thereof manufactured by or for UMI, and Documents sufficient to identify all persons and entities who participated in such design and/or development of the LFDs.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all Documents and Communications relating to the prices associated with the LFDs sold by You, including but not limited to price lists, catalogs, proposals, spreadsheets, fee agreements, bids, contracts, orders, minimum buying agreements, minimum buying requirements, sales projections sheets, profit, and profit and margin sheets.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all Documents and Communications relating to any sales and/or contracts concerning LFDs sold by You, including but not limited to emails, meetings, business presentations, supplying of cost(s) of production and/or manufacturing of products, bid requirements, and proposals with any potential and/or actual customers.

**REQUEST FOR PRODUCTION NO. 22:**

Produce agreements, contracts, distributorships, license agreements, and authorizations entered into with potential customers and/or actual customers by UMI relating to LFDs.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all Documents and Communications relating to Your gross and/or net profit, sales, costs, and/or expenses by unit related to the selling, licensing, and/or commercializing LFDs sold, including but not limited to breakdowns of such income, revenues, and profits by the referenced LFDs.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all Documents illustrating, referring to, or relating to the past and present structure and organization of UMI and any affiliated entity, including but not limited to parent, holding, or subsidiary companies, and/or any of the foregoing entities' merger, consolidation, or acquisition of predecessor or successor companies.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all price lists, sales brochures, catalogs, invoices, purchase orders, and advertising/promotional materials referencing LFDs sold by UMI.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all Documents and Communications relating to Your selling, importing, exporting, licensing, or otherwise making available LFDs, including but not limited to any and all proposals, orders, contracts, agreements, distributorships, purchase orders, and/or invoices of any kind.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all Documents and Communications relating to the design and features of the LFDs sold by UMI.

**REQUEST FOR PRODUCTION NO. 28:**

Produce Documents sufficient to show, with regard to each of the LFDs sold by UMI, whether manufactured by UMI or a third party manufacturer, the following:

a) Date and market of initial sales for each LFD;

b) The identity of persons and entities engaged in marketing each LFD;

c) Representative price lists for each LFD for each month and each market;

d) Advertising/promotional expense for each month and market from initial sales through the present; and

e) The amount of sales (by dollar and by unit) and by jurisdiction or market of each LFD on a monthly or quarterly and annual basis from the date of initial sales through the present.

**REQUEST FOR PRODUCTION NO. 29:**

Produce Documents sufficient to show the identity of ownership of UMI, including but not limited to stock owner, shareholder and/or any person with any other type of ownership interest in UMI.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all Documents and Communications relating to Your representations as to the country of origin/manufacture of Your LFD products.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all Documents and Communications relating to complaints by actual or potential customers regarding Your products.

**REQUEST FOR PRODUCTION NO. 32:**

Produce all Documents relating to corporate minutes from UMI operational meetings, including but not limited to shareholder meetings and formal board meetings.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all Documents relating to the specific storage locations that identify where You store Your goods or documents.

**REQUEST FOR PRODUCTION NO. 34:**

Produce Documents sufficient to show the locations of Your corporate offices, sales offices, warehouse locations, and manufacturing facilities.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all annual reports for UMI and any other similar financial reports.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all documents, things, and materials identified and/or containing information used in preparing Your responses to Sensiva's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 37:**

Produce all correspondence or documents related to the negotiation, confection, and/or modification of any contract whether oral or written between UMI and Sensiva and/or Cormeum.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all photographs of any and all facilities at which UMI has manufactured LFDs.

Respectfully submitted,

*/s/Tarak Anada*

TARAK ANADA (#31598)
TREY K. BARTHOLOMEW (#39114)
JONES WALKER LLP
201 St. Charles Avenue

New Orleans, Louisiana 70170-5100
and
445 North Blvd., Ste. 800
Baton Rouge, LA 70802
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com
tbartholomew@joneswalker.com

*Attorneys for Sensiva Health, LLC, Cormeum Lab Services, LLC, and Tarun Jolly, M.D.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed on this 6th day of December, 2021 to all counsel of record in this proceeding.

*/s/Tarak Anada*
TARAK ANADA