**EXHIBIT H**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SENSIVA HEALTH, LLC** | * | **CIVIL ACTION NO. 21-00598** |
| | * | |
| **Versus** | * | **JUDGE GREG GERARD GUIDRY** |
| | * | |
| **UNIVERSAL MEDITECH, INC. and KAREKIN KHATCHADOORIAN** | * | **MAGISTRATE JUDGE MICHAEL NORTH** |
| | * | |
| | * | **JURY TRIAL DEMANDED** |

**FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO SENSIVA HEALTH, LLC PROPOUNDED BY DEFENDANT UNIVERSAL MEDITECH INC.**

To: Sensiva Health, LLC
Through Its Attorneys of Record
Tarak Anada
Trey Bartholomew
Jones Walker LLP
New Orleans, Louisiana 70170
Email: tanada@joneswalker.com
tbatholomew@joneswalker.com

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Universal Meditech Inc. ("UMI"), through undersigned counsel, propounds the following First Set of Interrogatories and Requests for Production of Documents to Sensiva Health, LLC individually to be answered within 30 days after service of this document.

**DEFINITIONS AND INSTRUCTIONS**

As used in these discovery requests, the terms below have the associated definitions:

**A.** "Document" or "Documents" mean any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including, but without limitation, correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, emails, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversation, telephone calls, meetings or other communications, bulletins, magazines, publications,

printed matter, photographs, computer printouts, teletypes, telefax, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or oral records or representations of any kind, and electronic, mechanical or electric records or representations of any kind, of which You have knowledge, or which are now or were formerly in Your actual or constructive Possession, Custody, or Control.

**B.** Any request for Documents includes **both** the **internal correspondence** of Sensiva Health, LLC and the **external correspondence** of Sensiva Health, LLC.

**C.** "Possession, Custody, or Control" includes a joint and several possession, custody, or control not only by the Person(s) to whom these discovery requests are addressed, but also the joint or several possession, custody, or control by each or any other Person acting or purporting to act on behalf of the Person(s), whether as employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

**D.** "Person" means any natural person, firm, corporation, limited liability company, partnership, proprietorship, joint venture, organization, group of natural persons, or other association separately identifiable, regardless of whether such association has a separate juristic existence in its own right.

**E.** "Identify," "Identity," and "Identification," when used to refer to a Person means to state the following:

1. The Person's full name, present or last known home address, home telephone number, business address, and business telephone number;

2. The Person's present title and employer or other business affiliation; and

3. The Person's employer and title at the time of the actions to which each Interrogatory is directed.

**F.** "Identify," "Identity," and "Identification," when used to refer to a Document means to state the following to identify its production number if it has been produced previously in this litigation and, if not, to state its title, date, author, addressee, recipient, subject matter or general nature, present location, and custodian.

**G.** "You," "Your," or "Plaintiff" means Sensiva Health, LLC and any and all representatives, agents, counsel, advisors, successors, assigns, and any other Persons acting or purporting to act on their behalf.

**H.** "UMI" means Universal Meditech Inc., including its affiliates, predecessors, successors, assigns, directors, officers, employees, agents, representatives, or other acting or purporting to act on their behalf.

**I.** "Cormeum" means Cormeum Lab Services, LLC including its affiliates, predecessors, successors, assigns, directors, officers, employees, agents, representatives, or other acting or purporting to act on their behalf.

**J.** "Steuart Contract Packaging" means Steuart Contract Packaging a/k/a Steuart Custom Products, Inc., including its affiliates, predecessors, successors, assigns, directors, officers, employees, agents, representatives, or other acting or purporting to act on their behalf.

**K.** "CovidScan, LLC" means CovidScan, LLC including its affiliates, predecessors, successors, assigns, directors, officers, employees, agents, representatives, or other acting or purporting to act on their behalf.

**L.** "VitaPros, LLC" means VitaPros, LLC including its affiliates, predecessors, successors, assigns, directors, officers, employees, agents, representatives, or other acting or purporting to act on their behalf.

**M.** "Affiliate" shall mean, with respect to any Entity or Person, any other Entity or Person (a) that owns ten percent (10%) or more of the voting securities in such Entity or Person, (b) of which ten percent (10%) or more of the voting securities are owned by such Entity or Person, (c) that controls, is controlled by or is under common control with such Entity or Person or (d) that manages or is managed by such Entity or Person.

**N.** "Development Agreement" means the development agreement entered between UMI and Cormeum in December of 2020 where the parties contracted for UMI to manufacture SARS-Cov-2-Antigen Testing Kits, otherwise known as Covid-19 "Test Kits" or Lateral Flow Devices "LFDs". Rec. Doc. 18-1.

**O.** "LFDs" or "Test Kits" means SARS-Cov-2-Antigen Testing Kits and/or Sensiva React Sensiva React Rapid Covid-19 Test. LFDs and Test Kits does not refer to any PCR Test or Sensiva's PCR Test Kit.

**P.** "EUA" stands for Emergency Use Authorization. The Emergency Use Authorization (EUA) authority allows the Food and Drug Administration to help strengthen the nation's public health protections against chemical, biological, radiological, and nuclear (CBRN) threats including infectious diseases, by facilitating the availability and use of medical countermeasures (MCMs) needed during public health emergencies. The HHS Secretary declared that circumstances exist justifying the authorization of emergency use of drugs and biological products during the COVID-19 pandemic, pursuant to section 564 of the FD&C Act, effective March 27, 2020.

**Q.** "FDA" stands for Food and Drug Administration.

**R.** "LDT" stands for Laboratory Developed Test. A Laboratory Developed Test is a type of in vitro diagnostic test that is designed, manufactured and used within a single laboratory.

**S.** The term "Common Employee" shall refer to any employee that has provided services or is being compensated by more than one of the following: Sensiva, Cormeum, or any Affiliate of Sensiva or Cormeum.

**T.** The term "Common Officer" shall refer to any officer that has provided services or is being compensated by more than one of the following: Sensiva, Cormeum, or any Affiliate of Sensiva or Cormeum.

**U.** The term "Common Director" shall refer to any director that has provided services or is being compensated by more than one of the following: Sensiva, Cormeum, or any Affiliate of Sensiva or Cormeum.

**V.** The term "Common Member" shall refer to any member that has provided services or is being compensated by more than one of the following: Sensiva, Cormeum, or any Affiliate of Sensiva or Cormeum.

**W.** The term "Common Manager" shall refer to any member that has provided services or is being compensated by more than one of the following: Sensiva, Cormeum, or any Affiliate of Sensiva or Cormeum.

**X.** The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

**Y.** The terms "relate" or "relating" and "reflect" or "reflecting" shall mean connected with, referring to, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, embodying, describing, evidencing or pertaining to in any way, whether directly or indirectly, and whether in whole or in part.

**Z.** Unless otherwise specified, respond to all requests for production by searching for documents created on or after January 1, 2020 through the present except for Interrogatory No. 8 and Request for Production of Documents 32 and 41-72, which are not limited by date.

**AA.** If any Document responsive to these Requests was, but no longer is, in Your possession, or subject to Your custody or control, or in existence, state in writing whether: (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred voluntarily or involuntarily to others; or (d) it has been disposed of otherwise. In each instance, explain the circumstances surrounding such disposition and identify the Person(s) directing or authorizing the same and the date(s) thereof. Identify each Document by listing its author, his or her address, type (e.g., letter, memorandum, telegram, chart, photograph), date, subject matter, present location(s) and custodian(s), and state whether the Document (or a copy) is still in existence.

**BB.** If you contend that any responsive document is protected from disclosure pursuant to any privilege or work-product doctrine, specifically set forth the

privilege being asserted and any factual or legal basis for its assertion. Also set forth the date and title of the document, its subject matter generally, its author(s) and recipient(s), and its Bates number(s).

**CC.** Pursuant to the Federal Rules of Civil Procedure, these requests are continuing, and you must revise or supplement your responses and production whenever new or additional responsive information becomes known.

**DD.** The discovery sought by these interrogatories and requests for production of documents encompasses, but is not limited to, material contained in, or which might be derived or ascertained from, any of Your personal and/or business files and the personal and/or business files of Your agents, employees, representatives and the files of Your attorney(s) and his (their) agents, employees, representatives, or investigators.

**EE.** Please produce emails and electronically stored data and documents in an Opticon load-file format with single-page TIFF images and OPT Group IV format DAT with the following fields: BegProd, EndProd, BegProdAttach, EndProdAttach, TextPath, To, From, CC, BCC, Original Location, Author, DateSent, DocTitle, Original Filename, Subject, and the Date Last Modified. Each document should be produced in optical character recognition format, as it is stored in the ordinary course of business. Spreadsheets should be produced in native format with a tiff placeholder.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the Person(s) who have knowledge regarding any of the allegations raised in Sensiva's Complaint (Rec. Doc. 1) and Amended Complaint (Rec. Doc. 12) or UMI's Counterclaim (Red. Doc. 18).

**INTERROGATORY NO. 2:**

Identify all Person(s) to whom Sensiva offered, sold, licensed, or otherwise made available LFDs including designating the relevant country and dates of distribution and/or sale.

**INTERROGATORY NO. 3:**

Identify all Person(s) You have contacted to manufacture LFDs or who have manufactured LFDs for you.

**INTERROGATORY NO. 4:**

Identify all Person(s) who You have purchased LFDs from and/or sold LFDs to and provide the relevant dates of manufacture, purchase, and/or sale.

**INTERROGATORY NO. 5:**

State whether You or any of Your affiliates have manufactured LFDs and if so state the dates of manufacture and location where the LFDs were manufactured.

**INTERROGATORY NO. 6:**

Identify all Person(s) who assisted with or were involved in any manner with the negotiation, formation, and/or implementation of the January 28, 2021 Purchase Order (Rec. Doc. 12-3) and/or the March 4, 2021 Letter (Rec. Doc. 12-4).

**INTERROGATORY NO. 7:**

State whether You or Your affiliates applied for an EUA for an LFD in 2020 or 2021 including but not limited to an EUA for an LFD that listed UMI as the manufacturer. If so, state the date(s) of application, whether the FDA granted the EUA application(s), and the date(s) of the EUA's decision if any.

**INTERROGATORY NO. 8:**

Identify all individuals or entities with an ownership interest in Sensiva or Cormeum and/or who serve as members or managers of Sensiva or Cormeum and for each individual or entity provide their ownership interest in Sensiva or Cormeum.

**INTERROGATORY NO. 9:**

Identify the investor referenced in the February 10, 2021 correspondence from Tarun Jolly attached hereto as Exhibit A where Tarun Jolly stated "The FDA [EUA] application is not moving forward so the **investor** wants to make sure we get the product and sell it before he wants to put in more money."

**INTERROGATORY 10:**

State whether Sensiva or any of its affiliates is currently selling or ever has sold an LDT LFD either manufactured by Sensiva or its affiliates or manufactured for Sensiva or its affiliates. If so, state the date(s) of first manufacture and first sale.

**INTERROGATORY 11:**

State what "interim and temporary unforeseen commercial circumstances" Sensiva was referring to in its March 4, 2021 letter (Rec. Doc. 12-4).

**INTERROGATORY 12:**

State when Sensiva Health Manufacturing began operating, what Sensiva Health Manufacturing manufactures, and whether Sensiva Health Manufacturing is currently or ever has manufactured LFDs including but not limited to the Sensiva React Rapid Covid-19 Test. If so, identify the dates of manufacture.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Produce copies of all Documents identified or referenced in your Answer to UMI's First Set of Interrogatories to Sensiva.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all Documents including communications related to the negotiation, confection, and/or modification of the Development Agreement.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all Documents including communications related to payments that were made or payments that were due in connection with the Development Agreement.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all Documents including communications between Sensiva and/or its affiliates and UMI regarding the Development Agreement.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all Documents including internal Sensiva communications and/or communications with Sensiva's affiliates regarding the Development Agreement.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all Documents including communications related to the negotiation, confection, and/or modification of the January 28, 2021 Purchase Order (Rec. Doc. 12-3) and/or the March 4, 2021 Letter (Rec. Doc. 12-4).

**REQUEST FOR PRODUCTION NO. 7:**

Produce all Documents including communications related to payments that were made or payments that were due in connection with the January 28, 2021 Purchase Order (Rec. Doc. 12-3) and/or the March 4, 2021 Letter (Rec. Doc. 12-4).

**REQUEST FOR PRODUCTION NO. 8:**

Produce all Documents including communications made between Sensiva and/or its affiliates and UMI regarding the January 28, 2021 Purchase Order (Rec. Doc. 12-3) and/or the March 4, 2021 Letter (Rec. Doc. 12-4).

**REQUEST FOR PRODUCTION NO. 9:**

Produce all Documents including Sensiva's internal communications and/or communications between Sensiva and its affiliates regarding the January 28, 2021 Purchase Order (Rec. Doc. 12-3) and/or the March 4, 2021 Letter (Rec. Doc. 12-4).

**REQUEST FOR PRODUCTION NO. 10:**

Produce all Documents including communications related to Persons to whom Sensiva offered, sold, licensed, or otherwise made available LFDs including but not limited to any contracts, purchase orders, and proof of payment.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all Documents including communications related to Persons you have contacted to manufacture LFDs or who have manufactured LFDs for You or Your affiliates.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all Documents including communications related to Persons who have purchased LFDs from You or sold LFDs to You including but not limited to any contracts, purchase orders, and proof of payment.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all Documents including communications related to You or any of Your affiliates manufacturing LFDs including but not limited to documents related to when the LFDs were first manufactured, where the LFDs were manufactured, why Sensiva began manufacturing LFDs, and who the LFDs were manufactured for.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all Documents including communications related to Sensiva and/or Cormeum's application for an EUA for any LFD including but not limited to for an EAU that listed UMI as

the manufacturer. This requests includes but is not limited to documents between Sensiva or Cormeum and the FDA and internal documents and communications regarding the EUA application.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all Documents including communications related to the February 10, 2021 correspondence from Tarun Jolly attached hereto as Exhibit A where he stated "The FDA [EUA] application is not moving forward so the **investor** wants to make sure we get the product and sell it before he wants to put in more money."

**REQUEST FOR PRODUCTION NO. 16:**

Produce all Documents including communications between Sensiva and the investor referenced in Exhibit A related to the Development Agreement, the January 28, 2021 Purchase Order (Rec. Doc. 12-3), the March 4, 2021 Letter (Rec. Doc. 12-4), or any allegations raised in Sensiva's Complaint or Amended Complaint and/or UMI's Counterclaim.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all Documents including communications related to whether Sensiva or any of its affiliates is currently selling or ever has sold a lab developed test (LDT) LFD manufactured by or manufactured for Sensiva or its affiliates.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all Documents including communications between you and Steuart Contract Packaging related to the packaging of LFDs. This request includes but is not limited to the packaging of LFDs manufactured by UMI and/or Sensiva and the packaging of LFDs manufactured by other third parties. Such Documents shall include but are not limited to contracts, payments, and shipping documents.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all Documents including communications related to the "interim and temporary unforeseen commercial circumstances" Sensiva was referring to in its March 4, 2021 letter (Rec. Doc. 12-4).

**REQUEST FOR PRODUCTION NO. 20:**

Produce all Documents including communications related to the "Sensiva Quality Control ("QC") inspection" referenced in Sensiva's March 4, 2021 letter (Rec. Doc. 12-4).

**REQUEST FOR PRODUCTION NO. 21:**

Produce all Documents including communications related to the March 12, 2021 inspection of LFDs conducted by Donovan Blakney at UMI's facility.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all Documents including communications regarding the specifications set forth in the January 28, 2021 Purchase Order (Rec. Doc. 12-3).

**REQUEST FOR PRODUCTION NO. 23:**

Produce true copies of each and every general liability insurance policy, supplemental insurance policy, and directors and officer's insurance policy issued to Sensiva for the periods covering January 2020 to the present.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents that evidence and/or relate to the damages for which you seek recovery in this action.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents that you intend to use for any reason at any hearing or trial of this matter.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all Documents, including but not limited to communications, referring or relating to, evidencing, showing in particular, but not limited to, the structure, function, operation or design of any version of the LFDs manufactured by UMI, manufactured by a third party, or manufactured by Sensiva, including but not limited to patent applications, notes, correspondence, memoranda, reports, evaluations, surveys, studies, presentations, technical lectures, talks, prototypes, samples, advertisements, marketing materials, contracts and agreements such as, without limitation, those relating to venture capital, user guides, product literature, preparatory works, drawings, development documentation, and maintenance document, referring to, evidencing, showing the structure, function, operation or design of any version of the LFDs.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all Documents, including but not limited to communications, things, and materials relating to the design and/or development of all versions of the LFDs or parts thereof manufactured by UMI, manufactured by a third party, or manufactured by Sensiva and sold by Sensiva and all documents, things, and material sufficient to identify all Persons who participated in such design and/or development of the LFDs.

**REQUEST FOR PRODUCTION NO. 28:**

Produce all Documents, including but not limited to communications, and things illustrating, referring to or relating to Sensiva's prices associated with the LFDs sold by Sensiva whether manufactured by UMI, a third party manufacturer, or Sensiva, including but not limited to price lists, catalogs, proposals, spreadsheets, fee agreements, bids, contracts, orders, minimum buying agreements, minimum buying requirements, sales projections sheets, profit, and profit and margin sheets.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all Documents, including but not limited to communications, that refer or relate to any sales and/or contracts concerning LFDs sold by Sensiva whether manufactured by UMI, a third party manufacturer, or Sensiva, including but not limited to communications, emails, meetings, business presentations, supplying of cost(s) of production and/or manufacturing of products, bid requirements, and proposals with any potential and/or actual customers, including but not limited to those actually in possession of LFDs sold by Sensiva whether manufactured by UMI, a third party manufacturer, or Sensiva.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all agreements, contracts, distributorships, license agreements, and authorizations entered into with potential customers and/or actual customers by Sensiva or its affiliates referring or relating to the LFDs sold by Sensiva whether manufactured by UMI, a third party manufacturer, or Sensiva.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all Documents, including but not limited to communications, and things referring to or relating to the respective gross and/or net profit, sales, costs, and/or expenses by unit related to the selling, licensing, and/or commercializing the LFDs sold by Sensiva whether manufactured by UMI, a third party manufacturer, or Sensiva, including but not limited to breakdowns of such income, revenues, and profits by the referenced LFDs. For avoidance of doubt, this request includes documents identifying each relating to the LFDs sold by Sensiva whether manufactured by UMI, a third party manufacturer, or Sensiva sold, the date of the first sale of each LFD, all customers to whom said LFDs were sold, all countries in which the LFDs were sold, and cost and other related financial information.

**REQUEST FOR PRODUCTION NO. 32:**

Produce all documents, including but not limited to communications, illustrating, referring to, or relating to the past and present structure and organization of Sensiva and any affiliated entity, including but not limited to parent, holding, or subsidiary companies, and/or any of the foregoing entities' merger, consolidation, or acquisition of predecessor or successor companies. Responsive documents include but are not limited to organizational charts, incorporation documents and office location(s), any transfer of assets (such as technology, intellectual property rights), change of corporate name, dissolution of corporate names, and/or corporate transfers, mergers, or acquisitions.

**REQUEST FOR PRODUCTION NO. 33:**

Produce for inspection 2 samples of each type of LFD Sensiva sold whether manufactured by UMI, a third party manufacturer, or Sensiva along with any pictures of the LFDs.

**REQUEST FOR PRODUCTION NO. 34:**

Produce all price lists, sales brochures, catalogs, invoices, purchase orders, and advertising/promotional materials referencing LFDs sold by Sensiva whether manufactured by UMI, a third party manufacturer, or Sensiva.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all Documents, including but not limited to communications, and things referring to or relating to Sensiva selling, importing, exporting, licensing, or otherwise making available the LFDs sold by Sensiva whether manufactured by UMI, a third party manufacturer, or Sensiva, including but not limited to any and all proposals, orders, contracts, agreements, distributorships, purchase orders, and/or invoices of any kind.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all Documents, including but not limited to communications, relating to the design and features of the LFDs sold by Sensiva whether manufactured by UMI, a third party manufacturer, or Sensiva.

**REQUEST FOR PRODUCTION NO. 37:**

Produce all Documents, including but not limited to communications, relating to the design, features, or price of the LFDs manufactured by UMI in comparison or relation to LFDs manufactured by a third party or Sensiva.

**REQUEST FOR PRODUCTION NO. 38:**

Produce Documents sufficient to show, with regard to each of the LFDs sold by Sensiva whether manufactured by UMI, a third party manufacturer, or Sensiva, the following:

(a) Date and market of initial sales for each LFD;

(b) The Identity of persons and/or firms (including the names of persons in the identified firms) engaged in marketing each LFD;

(c) Representative price lists for each LFD for each month and each market;

(d) Advertising/promotional expense for each month and market from initial sales through the present; and

(e) The amount of sales (by dollar and by unit) and by jurisdiction or market of each LFD on a monthly or quarterly and annual basis from the date of initial sales through the present.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all non-privileged documents from *Vitapros, LLC and Sensiva Health, LLC v. Steuart Contract Packaging AKA Steuart Custom Products, Inc.*, Docket No. 2021-05075,

Division D Section 10, Civil District Court for the Parish of Orleans, State of Louisiana, including but not limited to pleadings, briefs, correspondence with the Court, correspondence with opposing counsel, all documents produced by either party, and all discovery exchanged.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all Documents, including but not limited to communications, mentioning, referring to, or referencing UMI or Mr. Khatchadoorian.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all Documents including communications referring or relating to any offices now or ever shared between Sensiva and Cormeum or any other of its affiliates.

**REQUEST FOR PRODUCTION NO. 42:**

Produce all Documents including communications sufficient to identify any individuals who are currently, or were ever, a Common Employee of Sensiva and Cormeum and/or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all Documents including communications referring or relating to the employment contracts of each of the officers, directors, members, or managers of Sensiva and Cormeum and/or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 44:**

Produce all Documents including communications sufficient to identify the entity responsible for payment of all employees, including the executives, officers, directors, members, or managers of Sensiva, Cormeum and/or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 45:**

Produce all Documents including communications sufficient to identify any individuals who is currently, or was ever, a Common Officer, Common Director, Common Member, or Common Manager of Sensiva, Cormeum and/or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all Documents including communications showing identity of ownership, including but not limited to, stock owner, shareholder and/or any person with any other type of ownership interest in Sensiva, Cormeum and/or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 47:**

Produce all Documents including communications reflecting transfers of funds between Sensiva and Cormeum and/or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 48:**

Produce all Documents including communications referring or relating to payments, loans, reimbursements or any other transfers of money ever made between Sensiva and Cormeum and/or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 49:**

Produce all Documents including communications referring or relating to any instance where any of the members or managers of Sensiva has loaned, invested, or otherwise provided funds to Cormeum or any other Sensiva affiliate and vice versa.

**REQUEST FOR PRODUCTION NO. 50:**

Produce all Documents including communications referring or relating to any instance where any of the members or managers of Sensiva has loaned, invested, or otherwise provided funds to Cormeum or any other Sensiva affiliate and vice versa.

**REQUEST FOR PRODUCTION NO. 51:**

Produce all Documents referring or relating to any instance where any of the members or managers of Sensiva has reimbursed Sensiva, Cormeum, or any other Sensiva affiliate for funds drawn on his or her behalf.

**REQUEST FOR PRODUCTION NO. 52:**

Produce all Documents referring or relating to the financing of Sensiva by Cormeum or any other Sensiva affiliate and vice versa.

**REQUEST FOR PRODUCTION NO. 53:**

Produce all Documents referring or relating to the creation of Sensiva, Cormeum, or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 54:**

Produce all Documents referring or relating to corporate protocol, formalities, or any other internal rules and guidelines which are currently or have ever been established by Sensiva, Cormeum, or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 55:**

Produce all Documents referring or relating to corporate minutes from operational meetings, including but not limited to, shareholder meetings and formal board meetings for Sensiva, Cormeum, or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 56:**

Produce all documents referring or relating to business meetings held by Sensiva, Cormeum or any other Sensiva affiliate in which one or more directors, members, or employees attended from Cormeum or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 57:**

Produce all Documents referring or relating to any instances where Sensiva paid or loaned money to any employee of Cormeum or any other Sensiva affiliate and vice versa.

**REQUEST FOR PRODUCTION NO. 58:**

Produce all Documents referring or relating to any instance where Sensiva has obtained funds from anywhere outside the entity's assets to pay the salaries, bills, or any other expenses of Sensiva.

**REQUEST FOR PRODUCTION NO. 59:**

Produce all Documents identifying the banks used for any business dealings of Sensiva, Cormeum, or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 60:**

Produce all Documents referring or relating to any occurrence where any goods, products, merchandise, or equipment were sold, traded, supplied, loaned, borrowed, rented, or transferred in any way between Sensiva and Cormeum or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 61:**

Produce all Documents referring or relating to any loans obtained by Sensiva, Cormeum, or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 62:**

Produce all Documents referring or relating to instances where Sensiva has provided goods to satisfy orders of Cormeum or another Sensiva affiliate or vice versa.

**REQUEST FOR PRODUCTION NO. 63:**

Produce all Documents referring or relating to the specific storage locations that identify where Sensiva, Cormeum, or any other Sensiva affiliate stores its goods or documents.

**REQUEST FOR PRODUCTION NO. 64:**

Produce all Documents referring or relating to any and all corporate offices, sales offices, warehouse locations, and store locations of Sensiva, Cormeum, or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 65:**

Produce all Documents referring or relating to any product suppliers, product manufacturers, customers, legal counsel, accounting, or other financial service providers currently shared by Sensiva, Cormeum, or any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 66:**

Produce all Documents referring or relating to instances where Sensiva agreed to be a guarantor or a co-signor for Cormeum or any other affiliate and vice versa.

**REQUEST FOR PRODUCTION NO. 67:**

Produce all Documents referring or relating to Sensiva's subsidiary corporations, parent corporations, and all D.B.A's (Doing Business As) now or ever used by Sensiva.

**REQUEST FOR PRODUCTION NO. 68:**

Produce all Documents referring or relating to any account receivables between Sensiva and Cormeum or any other Sensiva affiliate and vice versa.

**REQUEST FOR PRODUCTION NO. 69:**

Produce all Documents referring or relating to the allocation of profits and losses for Sensiva, Cormeum, and any other Sensiva affiliate.

**REQUEST FOR PRODUCTION NO. 70:**

Produce all documents and things referring or relating to Sensiva exporting, licensing, or otherwise making available products to Cormeum or any other Sensiva affiliate and vice versa.

**REQUEST FOR PRODUCTION NO. 71:**

Produce all agreements, contracts, distributorships, license agreements, authorizations or the like entered into with potential customers and/or actual customers by Sensiva referring or relating to any product in which Cormeum or any other Sensiva affiliate performed or continues to perform any term of the said contract or agreement or receives a benefit from said contract or agreement and vice versa.

**REQUEST FOR PRODUCTION NO. 72:**

Produce all annual reports for Sensiva, Cormeum, or any other Sensiva affiliate and/or any other similar financial reports.

**REQUEST FOR PRODUCTION NO. 73:**

Produce all Documents including correspondence between Sensiva and CovidScan, LLC, including but not limited to Jeff Johnston of CovidScan, related to the Development Agreement, the January 28, 2021 Purchase Order (Rec. Doc. 12-3), the March 4, 2021 Letter (Rec. Doc. 12-4), and the sale of LFDs manufactured by UMI, manufactured by third parties, or manufactured by Sensiva.

**REQUEST FOR PRODUCTION NO. 74:**

Produce all Documents including correspondence related to Sensiva Health Manufacturing's operations, what Sensiva Health Manufacturing manufactures, and whether Sensiva Health Manufacturing is currently or ever has manufactured LFDs including but not limited to the Sensiva React Sensiva React Rapid Covid-19 Test.

**REQUEST FOR PRODUCTION NO. 75:**

Produce all documents including correspondence supporting the following statements made by Tarun Jolly's on December 27, 2020: (1) "Honestly as soon as we get the EUA, I'm pretty sure we have sold out" and (2) "50k/day is sold out the day we get the EUA. In fact, 5 million strips are 98% sold out day one we get the EUA."

**REQUEST FOR PRODUCTION NO. 76:**

Produce all Documents and correspondence between Sensiva and VitaPros, LLC related to the Development Agreement, the January 28, 2021 Purchase Order (Rec. Doc. 12-3), the March 4, 2021 Letter (Rec. Doc. 12-4), and the sale of LFDs manufactured by UMI, manufactured by third parties, or manufactured by Sensiva.

**REQUEST FOR PRODUCTION NO. 77:**

Produce all documents, things, and materials identified and/or containing information used in preparing Sensiva's responses to UMI's First Set of Interrogatories served concurrently herewith.

**REQUEST FOR PRODUCTION NO 78:**

Produce all correspondence or documents related to the negotiation, confection, and/or modification of any contract whether oral or written between UMI and Sensiva and/or Cormeum.

**REQUEST FOR PRODUCTION NO 79:**

Produce all Documents and correspondence related to the Covid-19 Multi-Analyte Antigen Device listed on the US Food & Drug Administration's website at the following address: https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfrl/rl.cfm?lid=748939&lpcd=QMN. This request includes but is not limited to internal communications, communications with the FDA, and communications with third parties regarding the registration and device listing.

**REQUEST FOR PRODUCTION NO. 80:**

Produce for inspection 2 samples of each Covid-19 Multi-Analyte Antigen Device Sensiva has manufactured as referenced on the US Food & Drug Administration's website at the following address: https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfrl/rl.cfm?lid=748939&lpcd=QMN

Respectfully Submitted:

*/s/ Tyler D. Trew*

Tyler D. Trew (La. Bar #34125)
Alec N. Andrade (La. Bar #38659)
LISKOW & LEWIS
One Shell Square, 50th Floor
701 Poydras Street
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Fax: (504) 556-4108
Email: ttrew@liskow.com
Email: aandrade@liskow.com

*Attorneys for Universal Meditech Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 7, 2021, a copy of the above and foregoing has been served by email on all counsel of record.

*/s/ Tyler D. Trew*

from our investor. I'm sorry to tell you.
[2/10/21, 6:12:22 PM] TJ Cormeum Lab Services : Until next week. On Thursday.
[2/10/21, 6:13:13 PM] Karekin: How can we produce though if there is no promise? Do they understand how it works for manufacturers?
[2/10/21, 6:13:44 PM] TJ Cormeum Lab Services : Understood.
[2/10/21, 6:14:11 PM] Karekin: Do they not want to order 700,000?
[2/10/21, 6:14:22 PM] Karekin: I need to know these things so we stop
[2/10/21, 6:15:13 PM] TJ Cormeum Lab Services : Feel free to stop if you like. Specifically he said what I said above. It is out of my control. He said, he wants to receive the 350k and inspect before purchasing any more. That is all he said.
[2/10/21, 6:15:29 PM] Karekin: Ok
[2/10/21, 7:18:16 PM] Karekin: Ok, I'll be sending 150,000 on the 15th and another 100,000 by the 18th.  But that will exceed just letting you know the amount. Unless you want me to only send them 175,000 tests
[2/10/21, 7:20:48 PM] TJ Cormeum Lab Services : The I vestor is not sending funds until Thursday. I would hold until then. I thing the first shipment is 200k, but I might be wrong.
[2/10/21, 7:21:24 PM] Karekin: Ok no prob
[2/10/21, 7:21:48 PM] Karekin: Is there an issue? We have to be honest with each other
[2/10/21, 8:32:04 PM] TJ Cormeum Lab Services : The FDA application is not moving forward, so the investor wants to make sure we get the product and sell it before he wants to put in more money. Always honest!
[2/10/21, 8:40:39 PM] Karekin: Got it got it thank you TJ
[2/10/21, 9:04:35 PM] Karekin: Also, if you need some buyers I have a bunch waiting too you guys can connect and we can still make business later too.
[2/10/21, 9:04:53 PM] Karekin: Internationally as well I have the CE Mark For swab and strip
[2/12/21, 12:12:49 PM] TJ Cormeum Lab Services : Karekin, I just received your letter. Please make sure you are ready to go down this pathway. This will be very bad for everyone and absolutely guarantees that there will be no further business that we do together. This is a very very poor business decision on you and the company's part. I'm very disappointed and the investor will be exceptionally upset. You have just made sure that nothing further will be done. The investor is a billionaire and he was ready to order millions of units from you once he confirmed the initial order. Very sad.
[2/17/21, 6:08:23 PM] Karekin: Hi TJ, any updates?
[2/23/21, 5:12:15 PM] Karekin: Hi TJ, may I have the test insert please, we need it to verify the quality control