EXHIBIT
I

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SENSIVA HEALTH, LLC** | * | **CIVIL ACTION NO. 21-00598** |
| | * | |
| **Versus** | * | **JUDGE GREG GERARD GUIDRY** |
| | * | |
| **UNIVERSAL MEDITECH, INC. and** * | | **MAGISTRATE JUDGE MICHAEL NORTH** |
| **KAREKIN KHATCHADOORIAN** * | | **JURY TRIAL DEMANDED** |
| | * | |

**UNIVERSAL MEDITECH, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant, Universal Meditech, Inc. ("UMI"), objects and provides its supplemental responses to the First Set of Interrogatories and Requests for Production of Documents ("Discovery Requests") propounded by Plaintiff, Sensiva Health, LLC ("Sensiva"), as follows:

## RESERVATION OF RIGHTS

This response is made in accordance with the Federal Rules of Civil Procedure and is based upon information currently available to UMI. Investigation and discovery is ongoing in this case. UMI responds to Sensiva's Discovery Requests without prejudice to UMI's right to supplement or modify its responses based on information or documents that are discovered after service of this response. In responding to Sensiva's Discovery Requests, UMI does not waive any objections on the grounds of privilege, competency, relevance, materiality, authenticity, or admissibility of the information contained in these responses.

## LIST OF OBJECTIONS

Plaintiff will incorporate by reference various objections from this List of Objections in each specific response to each request. Plaintiff does not waive its right to amend its objections.

Plaintiff is willing to discuss its objections in a good faith attempt to resolve or narrow any differences between the parties.

1. UMI Objects to the Discovery Requests and/or Instruction to the extent they are inconsistent with or impose burdens greater than the requirements of the Federal Rules of Civil Procedure and local rules of this Court. UMI reserves the right to amend or supplement these responses based upon further investigation and discovery.
2. UMI objects to the Discovery Requests and/or Instructions to the extent they seek information or documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.
3. UMI objects to each and every Discovery Request and/or Instruction seeking information or documents protected by the attorney/client privilege, the work product privilege, or any other applicable privilege, and further objects to any request seeking confidential proprietary or business information or documents of UMI. The inadvertent disclosure of any document or information subject to any such privilege or protection is not intended to relinquish any privilege or protection and shall not be deemed to be a waiver thereof.

4. UMI objects to the extent the term Lateral Flow Device ("LFD") is not defined by Sensiva and thus the term as used in the Discovery Requests is overly broad, vague, and not relevant to the parties claims and defenses. Specifically, the term Lateral Flow Device can include such LFDs as pregnancy LFDs and drug test LFDs that are not relevant to Sensiva's claims or defenses and proportional to the needs of the case. In the responses below, UMI has limited the term Lateral Flow Device to mean SARS-Cov-2-Antigen Testing Kit LFDs and/or Sensiva React Rapid Covid-19 Test LFDs. Where this objection has been raised in connection with Sensiva's document requests, documents are being withheld, to the extent any exist, that relate to LFDs that do not fall within the definition set forth herein.
5. UMI objects to the extent the term Manufacture is not defined by Sensiva and thus the term as used in the Discovery Request is vague and ambiguous. In the responses below, UMI has defined the term manufacture as relates to the LFDs to mean all core technical material/reagents (main components) of the LFDs, i.e. the membrane of the LFD. Where this objection has been raised in connection with Sensiva's document requests, documents are being withheld, to the extent any exist, that relate to the term manufacture that do not fall within the definition set forth herein.
6. All non-privileged responsive documents will be produced on a rolling basis as UMI's document review continues.

**INTERROGATORIES RESPONSES**

**INTERROGATORY NO. 1:**

Identify the Person(s) who have knowledge regarding any of the allegations raised in Sensiva's Amended Complaint (R. Doc. 12) or Your Counterclaim (R. Doc. 18).

**ANSWER TO INTERROGATORY NO. 1**:

Karekin Khatchadoorian, Zhaoyan Wang, Jiabei Zhu, Zhaolin Wang, Steve Xu, Ben Williamson, Tarun Jolly, Kym Lee, Donavan Blakney, Jim Silliman, Jeff Johnston, Dave Vigerust, Jacob Kurdys, and other individuals at Sensiva and/or Cormeum to be discovered.

**INTERROGATORY NO. 2:**

Identify all persons or entities to whom You marketed, offered, sold, licensed, or otherwise made available Lateral Flow Devices ("LFDs"), including designating the relevant country, contact information, and dates of distribution and/or sale.

**ANSWER TO INTERROGATORY NO. 2**:

UMI incorporates and asserts Specific Objection No. 4 as if fully rewritten herein. Subject to and without waiving these objections, for the period prior to the breaches of contract by Sensiva and Cormeum and the filing of the lawsuit, Cormeum Lab Services, LLC and Sensiva in the USA; approximately December 2020-March 2021. For the period following the filing of the instant lawsuit, UMI objects to providing additional responsive information on trade secret and confidentiality grounds. UMI will provide responsive information to the extent the parties can come to an agreement that the information will be labeled attorney's eyes only.

**INTERROGATORY NO. 3:**

Identify all persons or entities You have contacted to manufacture LFDs or who have manufactured LFDs for you.

**ANSWER TO INTERROGATORY NO. 3:**

UMI incorporates and asserts Specific Objection Nos. 4 and 5 as if fully rewritten herein. Subject to and without waiving these objections, UMI has not contacted any entity or party to manufacture LFDs on its behalf nor has UMI retained anyone else to manufacture LFDs on its behalf.

**INTERROGATORY NO. 4:**

Identify all persons or entities who You have purchased LFDs from and/or sold LFDs to and provide the relevant dates of manufacture, purchase, and/or sale.

**ANSWER TO INTERROGATORY NO. 4:**

UMI incorporates and asserts Specific Objection Nos. 4 and 5 as if fully rewritten herein. Subject to and without waiving its objections, UMI has not purchased LFDs from other entities as it is a manufacturer. UMI has contracted to sell LFDs with both Cormeum and Sensiva from approximately December 2020-March 2021. For the period following the filing of the instant lawsuit, UMI objects to providing additional responsive information on trade secret and confidentiality grounds. UMI will provide responsive information to the extent the parties can come to an agreement that the information will be labeled attorney's eyes only.

**INTERROGATORY NO. 5:**

State whether You or any of Your affiliates have manufactured LFDs and if so state the dates of manufacture and location where the LFDs were manufactured.

**ANSWER TO INTERROGATORY NO. 5:**

UMI incorporates and asserts Specific Objection Nos. 4 and 5 as if fully rewritten herein. Subject to and without waiving these objections, see Interrogatory Responses No. 2 and 3 as

relates to UMI. UMI's affiliate Guangdi Packaging Material Co., Ltd. has manufactured packaging material used in connection with the LFDs such as swabs, plastic tubes, foil pouches, plastic shells, but all core technical material/reagents (main components), i.e, LFD membranes, are manufactured by UMI from scratch.

**INTERROGATORY NO. 6:**

Identify all persons or entities who assisted with or were involved in any manner with the negotiation, formation, and/or implementation of the Development Agreement or the January 28, 2021 Purchase Order (Rec. Doc. 12-3) and/or the March 4, 2021 Letter (Rec. Doc. 12-4).

**ANSWER TO INTERROGATORY NO. 6**:

See response to Interrogatory No. 1.

**INTERROGATORY NO. 7:**

Identify all individuals or entities with an ownership interest in UMI and/or who serve as members or managers of UMI and for each individual or entity provide their ownership interest in UMI.

**ANSWER TO INTERROGATORY NO. 7**:

UMI incorporates and asserts Specific Objection Nos. 1 and 2 as if fully rewritten herein. Subject to and without waiving its objections, Guangdi Packaging Material Co., Ltd. has a 70% ownership interest in UMI and Medi-Source LLC owns a 30% interest in UMI. UMI does not have any members or managers as it is not a Limited Liability Company. Karekin Khatchadoorian serves as the General Manager of UMI and has no ownership interest in UMI.

**INTERROGATORY NO. 8**:

State the name, address, and phone number of all entities for/to whom You ever manufactured or sold LFDs.

**ANSWER TO INTERROGATORY NO. 8**:

See Interrogatory Response Nos. 2 and 4.

**INTERROGATORY NO. 9:**

State the physical address of all facilities at which You have manufactured LFDs.

**ANSWER TO INTERROGATORY NO. 9**:

1320 E. Fortune Ave., STE 102, Fresno, CA 93725

**INTERROGATORY NO. 10:**

To the extent some other entity manufactures LFDs for You to sell, state the name and physical address of the facilities of each entity.

**ANSWER TO INTERROGATORY NO. 10**:

UMI incorporates and asserts Specific Objection Nos.4 and 5 as if fully rewritten herein. Subject to and without waiving these objections, no other entity manufactures LFDs for UMI to sell.

**INTERROGATORY NO. 11:**

Describe any and all products that You ever marketed to Sensiva, including the country of manufacture, the address of where each product was manufactured, all people involved in the manufacturing process, the price at which each product was marketed/sold to Sensiva, and UMI's cost of production of each product.

**ANSWER TO INTERROGATORY NO. 11**:

UMI incorporates and asserts Specific Objection No. 2 as if fully rewritten herein. Specifically, UMI objects that any products marketed by UMI to Sensiva that are not LFDs as defined herein are not relevant to Sensiva's claims or defenses and not proportional to the needs of the case and further Sensiva is in possession of the same information as UMI as relates to

knowledge regarding what products were marketed to Sensiva by UMI. Subject to and without waiving these objections, UMI marketed and sold LFDs to Sensiva that were manufactured in the USA at 1320 E. Fortune Ave., STE 102, Fresno, CA 93725; UMI marketed the Sars-C0V-2 Antibody IgG/IgM test that was also to be validated by Sensiva/Cormeum and also marketed the three panel FluA, FluB, and Antigen tests to Sensiva/Cormeum; (2) Karekin Khatchadoorian, Zhaoyan Wang, Jiabei Zhu, Zhaolin Wang, Steve Xu, and UMI production assistants were involved with the manufacturing process; and pursuant to Federal Rule of Civil Procedure 33, UMI refers Sensiva to its business records that will be produced in connection with UMI's rolling production for the price at which each product was marketed/sold to Sensiva and UMI's cost of production of each product.

**INTERROGATORY NO. 12:**

Identify all people that have knowledge of UMI's dealings with Sensiva, UMI's LFD manufacturing processes, and the corporate structure of UMI.

**ANSWER TO INTERROGATORY NO. 12:**

Karekin Khatchadoorian and Zhaoyan Wang have knowledge of all three of the referenced categories. To the extent the request is referring to people that have knowledge regarding any one of the three categories, see UMI's Response to Interrogatory No. 1.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce copies of all Documents identified or referenced in your Responses to Sensiva's First Set of Interrogatories to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

All non-privileged responsive documents will be produced on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all Documents and Communications, including internal UMI Communications, regarding Sensiva.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

All non-privileged responsive documents will be produced on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all Documents and Communications related to the negotiation, confection, and/or modification of the Development Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

All non-privileged responsive documents will be produced on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all Documents and Communications regarding the Development Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

All non-privileged responsive documents will be produced on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all Documents and Communications related to the negotiation, confection, and/or modification of the January 28, 2021 Purchase Order (Rec. Doc. 12-3) and/or the March 4, 2021 Letter (Rec. Doc. 12-4).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

All non-privileged responsive documents will be produced on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all Documents and Communications regarding the January 28, 2021 Purchase Order (Rec. Doc. 12-3) and/or the March 4, 2021 Letter (Rec. Doc. 12-4).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

All non-privileged responsive documents will be produced on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 7**:

Produce all Documents and Communications related to persons and entities to whom You offered, sold, licensed, or otherwise made available LFDs, including but not limited to any contracts, purchase orders, and proof of payment

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

UMI incorporates and asserts Specific Objection No. 4 as if fully rewritten herein. Subject to and without waiving its objections, all non-privileged responsive documents will be produced on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all Documents and Communications related to persons and entities You have contacted to manufacture LFDs or who have manufactured LFDs for You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

UMI incorporates and asserts Specific Objection Nos. 4 and 5 as if fully rewritten herein. Subject to and without waiving its objections, no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all Documents and Communications relating to the country of origin/manufacture of Your LFDs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

UMI incorporates and asserts Specific Objection Nos. 4 and 5 as if fully rewritten herein. Subject to and without waiving its objections, all non-privileged responsive documents will be produced on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all photographs of any products that are being held at UMI facilities that were allegedly manufactured to be sold to Sensiva.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

Responsive documents will be produced on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 11:**

Produce for inspection all products that You allege are being held at Your facilities for delivery to Sensiva.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

UMI objects to this request to the extent the LFDs have previously been produced by UMI for inspection. Subject to and without waiving this objection, UMI will produce the LFDs for inspection upon agreement of a mutually agreeable place, date, time, and inspection protocol.

**REQUEST FOR PRODUCTION NO. 12**:

Produce all Documents and Communications that reflect quality control standards, storage protocols, and sterilization measures relating to diluent solutions and cartridges for your products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

UMI incorporates and asserts Specific Objection Nos. 2 and 4 as if fully rewritten herein. Specifically, UMI objects that any diluent solutions and products that are not related to LFDs are over broad and not relevant to Sensiva's claims or defenses and not proportional to the needs of the case. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents on a rolling basis as UMI'S document review continues.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all Documents and Communications related to persons and entities who have purchased LFDs from You or sold LFDs to You, including but not limited to any contracts, purchase orders, and proof of payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

UMI incorporates and asserts Specific Objection No. 4 as if fully rewritten herein. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 14**:

Produce all Documents and Communications related to Your manufacturing of LFDs, including but not limited to documents related to when the LFDs were first manufactured, where the LFDs were manufactured, and who the LFDs were manufactured for.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

UMI incorporates and asserts Specific Objection Nos. 4 and 5 as if fully rewritten herein. Subject to and without waiving these objections, will produce any non-privileged responsive documents on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 13:**[1]

Produce all Documents and Communications regarding Sensiva's quality control inspection of Your LFDs at UMI's facility.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

UMI incorporates and asserts Specific Objection No. 4 as if fully rewritten herein. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents will on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all Documents and Communications regarding the specifications set forth in the January 28, 2021 Purchase Order (Rec. Doc. 12-3).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

All non-privileged responsive documents will be produced on a rolling basis as UMI's document review continues.

---

[1] Sensiva's Discovery Requests contain two Request Nos. 13 and 14.

**REQUEST FOR PRODUCTION NO. 15:**

Produce true copies of each and every general liability insurance policy, supplemental insurance policy, and directors and officer's insurance policy issued to You for the periods covering January 2020 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

UMI objects to the Discovery Requests and/or Instructions as it seeks information or documents that are not relevant to any party's claim or defense and proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all Documents that evidence and/or relate to the damages for which you seek recovery in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

All non-privileged responsive documents will be produced on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all Documents that you intend to use for any reason at any hearing or trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

UMI objects to this request as premature. UMI will submit all required documents in accordance with the deadlines contained in the Court's scheduling order. Rec. Doc. 57.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all Documents and Communications relating to, evidencing, or showing the structure, function, operation, or design of any version of the LFDs manufactured by or for UMI,

including but not limited to patent applications, notes, correspondence, memoranda, reports, evaluations, surveys, studies, presentations, technical lectures, talks, prototypes, samples, advertisements, marketing materials, contracts and agreements such as, without limitation, those relating to venture capital, user guides, product literature, preparatory works, drawings, development documentation, and maintenance document, referring to, evidencing, showing the structure, function, operation or design of any version of the LFDs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

UMI incorporates and asserts Specific Objection Nos. 4 and 5 as if fully rewritten herein. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents will on a rolling basis as UMI'S document review continues.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all Documents and Communications relating to the design and/or development of all versions of the LFDs or parts thereof manufactured by or for UMI, and Documents sufficient to identify all persons and entities who participated in such design and/or development of the LFDs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

UMI incorporates and asserts Specific Objection Nos. 4 and 5 as if fully rewritten herein. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents will on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all Documents and Communications relating to the prices associated with the LFDs sold by You, including but not limited to price lists, catalogs, proposals, spreadsheets, fee

agreements, bids, contracts, orders, minimum buying agreements, minimum buying requirements, sales projections sheets, profit, and profit and margin sheets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

UMI incorporates and asserts Specific Objection No. 4 as if fully rewritten herein. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents will on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all Documents and Communications relating to any sales and/or contracts concerning LFDs sold by You, including but not limited to emails, meetings, business presentations, supplying of cost(s) of production and/or manufacturing of products, bid requirements, and proposals with any potential and/or actual customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

UMI incorporates and asserts Specific Objection Nos. 4 and 5 as if fully rewritten herein. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents will on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 22:**

Produce agreements, contracts, distributorships, license agreements, and authorizations entered into with potential customers and/or actual customers by UMI relating to LFDs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

UMI incorporates and asserts Specific Objection No. 4 as if fully rewritten herein. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents will on a rolling basis as UMI's document review continues.

**<u>REQUEST FOR PRODUCTION NO. 23</u>:**

Produce all Documents and Communications relating to Your gross and/or net profit, sales, costs, and/or expenses by unit related to the selling, licensing, and/or commercializing LFDs sold, including but not limited to breakdowns of such income, revenues, and profits by the referenced LFDs.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 23</u>**:

UMI incorporates and asserts Specific Objection No. 4 as if fully rewritten herein. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents will on a rolling basis as UMI's document review continues.

**<u>REQUEST FOR PRODUCTION NO. 24</u>:**

Produce all Documents illustrating, referring to, or relating to the past and present structure and organization of UMI and any affiliated entity, including but not limited to parent, holding, or subsidiary companies, and/or any of the foregoing entities' merger, consolidation, or acquisition of predecessor or successor companies.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 24</u>**:

UMI objects to this request as it seeks documents that are not relevant to any party's claim or defense and are not proportional to the needs of the case.

**<u>REQUEST FOR PRODUCTION NO. 25</u>:**

Produce all price lists, sales brochures, catalogs, invoices, purchase orders, and advertising/promotional materials referencing LFDs sold by UMI.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 25</u>**:

UMI incorporates and asserts Specific Objection No. 4 as if fully rewritten herein. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents will on a rolling basis as UMI's document review continues.

**<u>REQUEST FOR PRODUCTION NO. 26</u>:**

Produce all Documents and Communications relating to Your selling, importing, exporting, licensing, or otherwise making available LFDs, including but not limited to any and all proposals, orders, contracts, agreements, distributorships, purchase orders, and/or invoices of any kind.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 26</u>**:

UMI incorporates and asserts Specific Objection No. 4 as if fully rewritten herein. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents will on a rolling basis as UMI's document review continues.

**<u>REQUEST FOR PRODUCTION NO. 27</u>:**

Produce all Documents and Communications relating to the design and features of the LFDs sold by UMI.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 27</u>**:

UMI incorporates and asserts Specific Objection No. 4 as if fully rewritten herein. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents will on a rolling basis as UMI's document review continues.

**<u>REQUEST FOR PRODUCTION NO. 28</u>:**

Produce Documents sufficient to show, with regard to each of the LFDs sold by UMI, whether manufactured by UMI or a third party manufacturer, the following:

a) Date and market of initial sales for each LFD;

b) The identity of persons and entities engaged in marketing each LFD;

c) Representative price lists for each LFD for each month and each market;

d) Advertising/promotional expense for each month and market from initial sales through the present; and

e) The amount of sales (by dollar and by unit) and by jurisdiction or market of each LFD on a monthly or quarterly and annual basis from the date of initial sales through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

UMI incorporates and asserts Specific Objection No. 4 as if fully rewritten herein. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents will on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 29:**

Produce Documents sufficient to show the identity of ownership of UMI, including but not limited to stock owner, shareholder and/or any person with any other type of ownership interest in UMI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

UMI objects to this request as it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all Documents and Communications relating to Your representations as to the country of origin/manufacture of Your LFD products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

UMI incorporates and asserts Specific Objection No. 4 as if fully rewritten herein. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all Documents and Communications relating to complaints by actual or potential customers regarding Your products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

UMI objects to this request as it is overly broad and seeks documents that are not relevant to any party's claim or defense and are not proportional to the needs of the case. Specifically, any complaints by actual or potential customers related to UMI products that are not LFDs as defined herein are not relevant nor proportional to the needs of the case. To the extent any responsive documents exist related to UMI's non LFD products as defined herein, those documents are being withheld. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents related to LFDs as defined herein on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 32:**

Produce all Documents relating to corporate minutes from UMI operational meetings, including but not limited to shareholder meetings and formal board meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

UMI objects to this request as it is overly broad and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. To the extent any responsive documents exist not related to LFDs as defined herein, those documents are being

withheld. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents related to LFDs as defined herein from the corporate minutes from UMI operational meetings, including but not limited to shareholder meetings and formal board meetings, on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all Documents relating to the specific storage locations that identify where You store Your goods or documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:

UMI objects to this request as it is overly broad and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. To the extent any responsive documents exist not related to LFDs as defined herein, those documents are being withheld. Subject to and without waiving these objections, UMI will produce any non-privileged responsive documents related to specific storage locations that identify where UMI stores LFDs as defined herein on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 34:**

Produce Documents sufficient to show the locations of Your corporate offices, sales offices, warehouse locations, and manufacturing facilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**:

UMI objects to this request as it is overly broad and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. Subject to and without waiving these objections, all non-privileged responsive documents will be produced on a rolling basis as UMI'S document review continues.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all annual reports for UMI and any other similar financial reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:

UMI objects to the Request as it is overly broad and seeks information or documents that are not relevant to any party's claim or defense and proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all documents, things, and materials identified and/or containing information used in preparing Your responses to Sensiva's First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**:

All non-privileged responsive documents will be produced on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 37:**

Produce all correspondence or documents related to the negotiation, confection, and/or modification of any contract whether oral or written between UMI and Sensiva and/or Cormeum.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**:

All non-privileged responsive documents will be produced on a rolling basis as UMI's document review continues.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all photographs of any and all facilities at which UMI has manufactured LFDs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:

UMI objects to this request as it is overly broad and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case.

Respectfully Submitted:

*/s/ Tyler D. Trew*

Tyler D. Trew (La. Bar #34125)
Alec N. Andrade (La. Bar #38659)
LISKOW & LEWIS
One Shell Square, 50th Floor
701 Poydras Street
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Fax: (504) 556-4108
Email: ttrew@liskow.com
Email: aandrade@liskow.com

*Attorneys for Universal Meditech Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 28, 2022, a copy of the above and foregoing has been served by email on all counsel of record.

*/s/ Tyler D. Trew*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SENSIVA HEALTH, LLC** | * | **CIVIL ACTION NO. 21-00598** |
| | * | |
| **Versus** | * | **JUDGE GREG GERARD GUIDRY** |
| | * | |
| **UNIVERSAL MEDITECH, INC. and KAREKIN KHATCHADOORIAN** | * | **MAGISTRATE JUDGE MICHAEL NORTH** |
| | * | |
| | * | **JURY TRIAL DEMANDED** |

**VERIFICATION**

1. I am currently employed by Universal Meditech, Inc. ("UMI"), as the general manager.

2. I am acting in my capacity as an agent for UMI in providing the verification to UMI's Responses to Sensiva Health, LLC's ("Sensiva") First Set of Interrogatories, which were prepared with the advice and assistance of counsel, on which I relied.

3. I have read UMI's Responses to Sensiva's First Set of Interrogatories and know the contents thereof.

4. The answers are limited to records and information still in existence, presently recollected, and thus far discovered. Consequently, I reserve the right (on behalf of UMI) to make any changes in the answers if it appears that errors have been made or more accurate information is available.

5. Subject to the limitations set forth, the information contained in UMI's Responses to Sensiva's First Set of Interrogatories is true and correct to the best of my knowledge, information, and belief, formed after a reasonable inquiry

Date: 01/28/2022 ______________________