**EXHIBIT J**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SENSIVA HEALTH, LLC**<br><br>**VERSUS**<br><br>**UNIVERSAL MEDITECH, INC. and KAREKIN KHATCHADOORIAN** | **CIVIL ACTION NO. 21-00598**<br><br>**JUDGE GREG GERARD GUIDRY**<br><br>**MAGISTRATE JUDGE MICHAEL NORTH**<br><br>**JURY TRIAL DEMANDED** |

**SENSIVA HEALTH, LLC'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR INSPECTION**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff and Counter-Defendant Sensiva Health, LLC ("Plaintiff", "Counter-Defendant" or "Sensiva") submits its Second Set of Interrogatories and Requests for Production of Documents and Requests for Inspection to Defendant Universal Meditech, Inc. ("UMI"). Each interrogatory and request is subject to the Definitions and Instructions set forth below.

**DEFINITIONS**

1. "You," "Your," "Defendant," or "Defendants" means, individually or collectively, as applicable, UMI and its current and former affiliates, subsidiaries, agents, purported assignors, and representatives, both individually and collectively.

2. "Document" is used in the broadest possible sense to mean anything which may be within the meaning of Rule 34 of the Federal Rules of Civil Procedure, and includes without limitation any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data,

pictures, sounds or symbols, or any combination thereof. "Document" includes without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by a plaintiff or anyone else.

3. "Concerning," "Reflecting," "Regarding," and "Relating to" are used in the broadest possible sense and mean, in whole or in part, addressing, analyzing, constituting, containing, commenting, in connection with, dealing, discussing, describing, embodying, evidencing, identifying, pertaining, referring, reporting, stating, or summarizing.

4. "Communication" is used in the broadest possible sense and means every conceivable manner or means of disclosure, transfer or exchange of oral or written information between one or more persons, entities, devices, platforms or systems.

5. "Describe," "state," and "set forth" mean to indicate fully and unambiguously each relevant fact of which You have knowledge.

6. "Possession" means Your immediate possession, including items held by agents, employees, officers, directors and any and all other principals or assigns, as well as constructive possession by virtue of Your ability to retrieve, request, order, copy, borrow, purchase or locate the aforesaid document or information.

7. "LFDs" means SARS-Cov-2-antigen testing kits, including, but not limited to all components thereof.

8. "EUA" stands for Emergency Use Authorization.

**INSTRUCTIONS**

1. These requests seek documents created in, or in any way covering, in effect, or relating to the period from September 1, 2020 to the present.

2. You are to produce entire documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any documents. Copies which differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. Privileged redactions must be included in a privilege log; any non-privileged redactions must also be included in a log describing the basis for the redaction. Please produce all electronically-stored documents in electronic, machine-readable form.

3. If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object. Please be clear whether documents are being withheld on the basis of a stated objection.

4. If any privilege is claimed as a ground for not producing a document or tangible thing, provide a privilege log describing the basis for the claim of privilege in accordance with Fed. R. Civ. P. 26.

5. Whenever necessary to bring within the scope of a Request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

a. Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Request more inclusive;
b. Construing the singular form of any word to include the plural and the plural form to include the singular;
c. Construing the past tense of the verb to include the present tense and the present tense to include the past tense;
d. Construing the masculine form to include the feminine form;
e. Construing negative terms to include the positive and vice versa;
f. Construing "include" to mean include or including "without limitation."

7. These Interrogatories and Requests are continuing in character so as to require You to produce additional documents if You obtain further or different information at any time before trial.

8. These Requests request documents in Your possession, including documents of Your agents, representatives, and unless privileged, Your attorneys.

## INTERROGATORIES

**INTERROGATORY NO. 12:**

Identify all customers or potential customers that have complained regarding the chemistry or quality or regarding changes to UMI's products.

**INTERROGATORY NO. 13:**

Identify the location where the LFDs, expressly including each component part thereof, were manufactured, tested and assembled.

**INTERROGATORY NO. 14:**

Identify all persons or entities who contacted you regarding the purchase of LFD's but to whom you allegedly could not sell due to the purportedly exclusive nature of Your relationship with Cormeum or Sensiva.

**INTERROGATORY NO. 15:**

Please explain why UMI was unable to to sell the LFDs that were the subject of the purchase order by and between UMI and Sensiva to another customer.

**INTERROGATORY NO. 16:**

Please describe in detail all efforts by UMI to mitigate its damages.

**INTERROGATORY NO. 17:**

Identify any and all persons or entities that contacted UMI seeking to purchase LFDs.

**INTERROGATORY NO. 18:**

Identify any and all persons or entities that UMI contacted regarding the purchase or sale of LFDs.

**INTERROGATORY NO. 19:**

Identify any and all EUA submissions of UMI relating to any UMI products and specify the status of each submission including which submissions were accepted, denied or revoked.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 39:**

Produce all documents referencing or regarding changes to the chemistry or formulation of the LFDs.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all documents referencing or regarding changes to the cartridges for the LFDs.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all documents referencing or regarding the control line in connection with the LFDs.

**REQUEST FOR PRODUCTION NO. 42:**

Produce all documents referencing or regarding any EUAs of UMI that were denied or revoked.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all communications, agreements (including purchase orders and invoices) or others documents reflecting business dealings with individuals or entities in Louisiana within the past 5 years.

**REQUEST FOR PRODUCTION NO. 44:**

Produce documents and communications by and between UMI and Guangdi Packaging and Material Co. regarding materials used in connection with the LFDs, including but not limited to emails, purchase orders, invoices, shipping and customs documents, and bills of lading.

**REQUEST FOR PRODUCTION NO. 45:**

Produce documents and communications by and between UMI and any company providing component parts for the LFDs regarding such materials or component parts, including but not limited to emails, purchase orders, invoices, shipping and customs documents, and bills of lading.

**REQUEST FOR PRODUCTION NO. 46:**

Produce photographs of the manufacturing facility at which UMI manufactured the LFDs that were the subject of the purchase order by and between UMI and Sensiva.

**REQUEST FOR PRODUCTION NO. 47:**

Produce UMI's tax returns for years 2020 and 2021.

**REQUEST FOR PRODUCTION NO. 48:**

Produce UMI's profit and loss statements for years 2020 and 2021.

**REQUEST FOR PRODUCTION NO. 49:**

Produce monthly balance sheets for 2020 and 2021

**REQUEST FOR PRODUCTION NO. 50:**

Produce any projections prepared that demonstrate losses incurred.

**REQUEST FOR PRODUCTION NO. 51:**

Produce the QuickBooks back up file or the back file for any alternate accounting software or system that UMI may use.

**REQUEST FOR PRODUCTION NO. 52:**

Produce any and all documents that purportedly prove or support costs incurred as a result of the alleged breach.

**REQUEST FOR PRODUCTION NO. 53:**

Produce any and all documents produced to Holly Sharp for her analysis.

**REQUEST FOR PRODUCTION NO. 54:**

Produce any and all documents that purportedly prove or support lost profits.

**REQUEST FOR PRODUCTION NO. 55:**

Produce any and all documents that purportedly prove or support loss of revenue as a result of the alleged breach by Cormeum, Sensiva and/or Mr. Jolly.

**REQUEST FOR PRODUCTION NO. 56:**

Produce any and all documents that purportedly prove or support extra expense(s) incurred as a result of the alleged breach by Cormeum, Sensiva and/or Mr. Jolly.

**REQUESTS FOR INSPECTION**

Sensiva hereby request that UMI produce and make available for inspection of the following on a date, time and place as may be mutually agreed upon all counsel but in no event

later than two weeks before the expert report deadline, and to serve a response to this request upon by all counsel for Plaintiff within fifteen (15) days after service hereof.

**REQUEST FOR INSPECTION NO. 1:**

The manufacturing facility of UMI purportedly located in Fresno, Ca. or alternatively, the manufacturing facility where the LFDs that were the subject of Sensiva's order were made.

**REQUEST FOR INSPECTION NO. 2:**

The laboratory facility of UMI purportedly located in Fresno, Ca. or alternatively, the manufacturing facility where the LFDs that were the subject of Sensiva's order were made and/or tested.

**REQUEST FOR INSPECTION NO. 3:**

All LFDs that were allegedly produced for Sensiva, expressly including, but not limited to, (i) samples produced and/or provided to Sensiva as representative of the LFDs; and (ii) the entirety of the LFDs that were the subject of the purchase order by and between Sensiva and UMI and that UMI is alleging damages in connection with.

Respectfully Submitted:

*/s/ Lauren C. Mastio*

TARAK ANADA (#31598)
LAUREN C. MASTIO (La. Bar #33077)
MICHAEL J. O'BRIEN (La. Bar #38852)
TREY K. BARTHOLOMEW (#39114)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
and
445 North Blvd., Ste. 800
Baton Rouge, LA 70802
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com
lmastio@joneswalker.com

mobrien@joneswalker.com
tbartholomew@joneswalker.com

*Attorneys for Sensiva Health, LLC, Cormeum Lab Services, LLC, and Tarun Jolly, M.D.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed on this 18th day of April, 2022 to all counsel of record in this proceeding.

*/s/Lauren Mastio*
LAUREN MASTIO