**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SENSIVA HEALTH, LLC**<br><br>**VERSUS**<br><br>**UNIVERSAL MEDITECH, INC. and KAREKIN KHATCHADOORIAN** | **CIVIL ACTION NO. 21-00598**<br><br>**JUDGE GREG GERARD GUIDRY**<br><br>**MAGISTRATE JUDGE MICHAEL NORTH**<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

Plaintiff Sensiva Health, LLC respectfully moves the Court for an order compelling Defendant Universal Meditech, Inc. to answer interrogatories and produce documents in response to Sensiva's Third Set of Interrogatories and Requests for Production of Documents—which Sensiva issued on June 16, 2022, and to which UMI has never objected or responded. UMI has eschewed Sensiva's best efforts to productively confer, so Sensiva files this Motion out of necessity, particularly in view of the impending (albeit informally extended) deadline for expert reports. For the reasons given below, the Motion should be granted.

**Background**

This case involves UMI's failure to provide COVID-19 Lateral Flow Devices ("LFDs" or "test kits") in accordance with the representations made to Sensiva and the specifications and other requirements (including the right to inspect) set forth in the parties' agreements. Central to Sensiva's claims throughout this litigation have been: (i) whether UMI's LFDs were manufactured at UMI's California facility (as promised), or were instead made in China; (ii) whether UMI's California facility was even capable of manufacturing LFDs at the scale and quality required under

the parties' agreements; and (iii) whether the size, design, equipment, manufacturing process, and quality-control procedures of UMI's California facility were compliant with the parties' agreements and FDA standards. Sensiva will put forth an FDA expert to opine on the second and third issues, in particular.

Sensiva has issued discovery to that end. On June 16, 2022, Sensiva propounded its Third Set of Interrogatories and Requests for Production of Documents. *See* Exh. A. Much of the information sought in those requests is critical to Sensiva's FDA expert's report, including:

- "every item of manufacturing equipment that UMI had inside its 1320 E. Fortune Ave. facility," *id.*, Interrogatory No. 21;
- "the date that each item of manufacturing equipment that UMI had inside its 1320 E. Fortune Ave. facility was moved from that facility to a different location," *id.*;
- The "QA/QC logs date stamped in connection with each batch of LFDs sent to or otherwise intended for Cormeum and/or Sensiva," *id.*, RFP No. 57;
- "documentation relating to the testing and accuracy of the antibody pair for the LFDs sent to or otherwise intended for Cormeum and/or Sensiva," *id.*, RFP No. 60;
- "documentation relating to UMI's quality control system, measures, policies and procedures, including but not limited to, testing procedures, recall plan(s), etc.," *id.*, RFP No. 61; and
- documents "relating to the modification or dismantling of UMI's 1320 E. Fortune Ave. facility or the removal of any equipment therefrom," *id.*, RFP No. 62.

53 days have passed since Sensiva issued this discovery: crickets from UMI.[1] Counsel for Sensiva repeatedly contacted counsel for UMI since Monday, July 25, seeking to productively confer and avoid further motion practice. *See* Exh. B. But counsel for UMI did not return Sensiva's

[1] Counsel for UMI had previously indicated that UMI would furnish much of the requested material—including written procedures and protocols, quality-control system documentation, recall plans, and relevant QA/QC logs—at Sensiva's July 7, 2022 inspection of UMI's California facility. *See* Exh. B at 1; R. Doc. 91-3 at 5. But UMI did not provide these materials at the inspection, and has since failed to produce them.

emails or calls until late afternoon on July 29, whereupon counsel for UMI informed Sensiva by phone that he was not in a position to provide responses/documents. Counsel for UMI and Sensiva did, however, agree to informally extend the parties' expert report and disclosure deadlines by 16 days.

Sensiva is loath to seek the Court's intervention in this matter, but UMI's inaction and Sensiva's fast approaching expert-report deadline (even with a brief, informal extension) leaves Sensiva little choice. Sensiva's expert reports and disclosures are presently due on August 15, 2022 (August 31, 2022, accounting for the informal extension). *See* R. Doc. 123 at 1. As stated, Sensiva's FDA expert cannot effectively opine on the (non-)compliance of UMI's manufacturing facility, manufacturing process, and quality-control procedures with the parties' agreements and FDA standards (*e.g.*, sterility, size, temperature control, ventilation, etc.) without the information that is being withheld by UMI. In short, UMI is not only flouting its discovery obligations—it is making it difficult for Sensiva to comply with the expert deadline for one of its experts.[2]

**Law and Argument**

To describe UMI's inaction decides this Motion. Federal Rules of Civil Procedure 33 and 34 require the recipient of interrogatories and requests for production of documents to respond and/or object (with specificity) within 30 days after service. *See* Fed. R. Civ. P. 33(b), 34(b)(2); *see also Aker Sols. v. Shamrock Energy Sols. Llc*, No. 16-2560, 2020 U.S. Dist. LEXIS 258821, at *11 (E.D. La. Oct. 5, 2020) ("A party must respond or object to interrogatories, requests

[2] UMI's failure to live up to its discovery obligations is not limited to the requests at issue in this Motion. There are numerous outstanding issues with UMI's responses and productions as to Sensiva's first set of discovery requests. *See* Exh. C. And Sensiva has yet to hear from UMI on Sensiva's second set of discovery requests (issued on April 18) despite granting a generous extension in light of UMI's change of counsel, which has long since expired. Sensiva limits this Motion to the most urgent matters in light of the approaching expert deadlines, but may need to file additional motions relating to the other discovery issues if UMI does not clean up its act.

for production, and requests for admission within 30 days after service. . . . If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37.").

It has been 53 days since Sensiva served its discovery requests, and UMI has provided no indication that responses and documents will soon be forthcoming. This failure is improper in its own right, but is particularly unacceptable given the fast approaching expert deadline and the importance of the requested information to Sensiva's FDA expert's report. Given this open violation of the rules and the urgency it creates, the Court should order UMI to promptly answer Sensiva's interrogatories and produce documents responsive to Sensiva's discovery requests without UMI interposing any (non-privilege) objections, which UMI has waived through its delay. *See Aker Sols.*, 2020 U.S. Dist. LEXIS 258821, at *13 ("Shamrock . . . acted in contravention off the Federal Rules of Civil Procedure by not providing its discovery responses within the thirty (30) day period. The time for Shamrock to object to the Interrogatories or Request for Production of Documents expired on Sunday, May 10, 2020. Unless there was an agreement between the parties after the time period ran that explicitly permitted Shamrock to retain its right to object, which there is no evidence of, Shamrock is required to respond to the discovery without objection [other than privilege].").

**Conclusion**

For the foregoing reasons, Plaintiff Sensiva Health, LLC respectfully requests that the Court grant its Motion and order UMI to promptly, and without any objection unrelated to privilege, answer the interrogatories and make complete document productions in response to Sensiva's Third Set of Interrogatories and Requests for Production of Documents.

Respectfully Submitted:

*/s/ Lauren C. Mastio*
TARAK ANADA (#31598)
LAUREN C. MASTIO (La. Bar #33077)
MICHAEL J. O'BRIEN (La. Bar #38852)
TREY K. BARTHOLOMEW (#39114)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
and
445 North Blvd., Ste. 800
Baton Rouge, LA 70802
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com
lmastio@joneswalker.com
mobrien@joneswalker.com
tbartholomew@joneswalker.com

*Attorneys for Sensiva Health, LLC, Cormeum Lab Services, LLC, and Tarun Jolly, M.D.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 30, 2022, the foregoing was filed electronically using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Lauren C. Mastio*