**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SENSIVA HEALTH, LLC**<br><br>**VERSUS**<br><br>**UNIVERSAL MEDITECH, INC. and KAREKIN KHATCHADOORIAN** | **CIVIL ACTION NO. 21-00598**<br><br>**JUDGE GREG GERARD GUIDRY**<br><br>**MAGISTRATE JUDGE MICHAEL NORTH**<br><br>**JURY TRIAL DEMANDED** |

**SENSIVA HEALTH, LLC'S THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff and Counter-Defendant Sensiva Health, LLC ("Plaintiff", "Counter-Defendant" or "Sensiva") submits its Third Set of Interrogatories and Requests for Production of Documents to Defendant Universal Meditech, Inc. ("UMI"). Each interrogatory and request is subject to the Definitions and Instructions set forth below.

**DEFINITIONS**

1. "You," "Your," "Defendant," or "Defendants" means, individually or collectively, as applicable, UMI and its current and former affiliates, subsidiaries, agents, purported assignors, and representatives, both individually and collectively.

2. "Document" is used in the broadest possible sense to mean anything which may be within the meaning of Rule 34 of the Federal Rules of Civil Procedure, and includes without limitation any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data,

pictures, sounds or symbols, or any combination thereof. “Document” includes without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by a plaintiff or anyone else.

3. “Concerning,” “Reflecting,” “Regarding,” and “Relating to” are used in the broadest possible sense and mean, in whole or in part, addressing, analyzing, constituting, containing, commenting, in connection with, dealing, discussing, describing, embodying, evidencing, identifying, pertaining, referring, reporting, stating, or summarizing.

4. “Communication” is used in the broadest possible sense and means every conceivable manner or means of disclosure, transfer or exchange of oral or written information between one or more persons, entities, devices, platforms or systems.

5. “Describe,” “state,” and “set forth” mean to indicate fully and unambiguously each relevant fact of which You have knowledge.

6. "Possession" means Your immediate possession, including items held by agents, employees, officers, directors and any and all other principals or assigns, as well as constructive possession by virtue of Your ability to retrieve, request, order, copy, borrow, purchase or locate the aforesaid document or information.

7. "LFDs" means SARS-Cov-2-antigen testing devices, including, but not limited to all components thereof.

8. "EUA" stands for Emergency Use Authorization.

**INSTRUCTIONS**

1. These requests seek documents created in, or in any way covering, in effect, or relating to the period from September 1, 2020 to the present.

2. You are to produce entire documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any documents. Copies which differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. Privileged redactions must be included in a privilege log; any non-privileged redactions must also be included in a log describing the basis for the redaction. Please produce all electronically-stored documents in electronic, machine-readable form.

3. If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object. Please be clear whether documents are being withheld on the basis of a stated objection.

4. If any privilege is claimed as a ground for not producing a document or tangible thing, provide a privilege log describing the basis for the claim of privilege in accordance with Fed. R. Civ. P. 26.

5. Whenever necessary to bring within the scope of a Request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

a. Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Request more inclusive;
b. Construing the singular form of any word to include the plural and the plural form to include the singular;
c. Construing the past tense of the verb to include the present tense and the present tense to include the past tense;
d. Construing the masculine form to include the feminine form;
e. Construing negative terms to include the positive and vice versa;
f. Construing "include" to mean include or including "without limitation."

7. These Interrogatories and Requests are continuing in character so as to require You to produce additional documents if You obtain further or different information at any time before trial.

8. These Requests request documents in Your possession, including documents of Your agents, representatives, and unless privileged, Your attorneys.

**INTERROGATORIES**

**INTERROGATORY NO. 20:**

Please describe in detail the antibody pair for the LFDs sent to or otherwise intended for Cormeum and/or Sensiva, including, but not limited to, where it came from, where it was tested, and any changes to the antibody pair over time (i.e., the evolution of the antibody pair).

**INTERROGATORY NO. 21:**

UMI has recently represented that it "is currently in the process of moving its operations to a different location (R. Doc. 91)." Please state with specificity the following:

(1) For the time frame of November 2020 through March 2021, identify every item of manufacturing equipment that UMI had inside its 1320 E. Fortune Ave. facility by name/description and manufacturer.

(2) Identify the date that each item of manufacturing equipment that UMI had inside its 1320 E. Fortune Ave. facility was moved from that facility to a different location.

(3) Identify every person and/or company who was involved in moving equipment out of UMI's 1320 E. Fortune Ave. facility between March of 2021 to the present date. Provide all known contact information for them.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 57:**

Produce all QA/QC logs date stamped in connection with each batch of LFDs sent to or otherwise intended for Cormeum and/or Sensiva.

**REQUEST FOR PRODUCTION NO. 58:**

Produce all documentation relating to any independent testing performed on the batches of LFDs sent to or otherwise intended for Cormeum and/or Sensiva.

**REQUEST FOR PRODUCTION NO. 59:**

Produce all documentation relating to any testing used to create the antibody pair for the LFDs sent to or otherwise intended for Cormeum and/or Sensiva, including, but not limited to, where it came from and where was it tested.

**REQUEST FOR PRODUCTION NO. 60:**

Produce all documentation relating to the testing and accuracy of the antibody pair for the LFDs sent to or otherwise intended for Cormeum and/or Sensiva.

**REQUEST FOR PRODUCTION NO. 61:**

Produce all documentation relating to UMI's quality control system, measures, policies and procedures, including but not limited to, testing procedures, recall plan(s), etc.

**REQUEST FOR PRODUCTION NO. 62:**

Produce all documents (including but not limited to invoices and correspondence) relating to the modification or dismantling of UMI's 1320 E. Fortune Ave. facility or the removal of any equipment therefrom, including, but not limited to documents relating to the decision to alter the facility and the reason therefor, the equipment removed, the persons or companies involved in the modifications to the facility or removal of equipment, and the disposition of the equipment (i.e. where it went).

**REQUEST FOR PRODUCTION NO. 63:**

Produce all documents provided to and/or relied upon by your experts retained in this Litigation.

**REQUEST FOR PRODUCTION NO. 64:**

Produce the entire file (excluding materials covered by the attorney-client privilege) of all of your experts retained in this litigation.

Respectfully Submitted:

*/s/ Tarak Anada*
TARAK ANADA (#31598)
LAUREN C. MASTIO (La. Bar #33077)
MICHAEL J. O'BRIEN (La. Bar #38852)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com
lmastio@joneswalker.com
mobrien@joneswalker.com

*Attorneys for Sensiva Health, LLC, Cormeum Lab Services, LLC, and Tarun Jolly, M.D.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed on this 16th day of June, 2022 to all counsel of record in this proceeding.

*/s/Tarak Anada*
TARAK ANADA