**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SENSIVA HEALTH, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 21-598** |
| **UNIVERSAL MEDITECH, INC., ET AL.** | **SECTION: "T" (5)** |

**ORDER**

Before the Court is the Motion to Compel Responses to Interrogatories and Production of Documents (Rec. doc. 132) filed by Sensiva Health, L.L.C. Defendant Universal Meditech, Inc. has filed no opposition to the motion in accordance with the local rules of this Court. Having reviewed the motion and finding that it is timely and has merit,

**IT IS ORDERED** that the Motion to Compel Responses to Interrogatories and Production of Documents (Rec. doc. 132) is **GRANTED AS UNOPPOSED**. Defendant Universal Meditech, Inc. shall respond to Plaintiff Sensiva Health, L.L.C.'s Third Set of Interrogatories and Production of Documents in full and in writing and without objections – except those based on a privilege – **no later than ten (10) days from the date of this Order**.[1]

[1] Generally, failure to provide written answers and/or objections to interrogatories waives all objections to the interrogatories, unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4). In addition, failure to provide specific written responses to requests for production within the time period established by Fed. R. Civ. P. 34(b) generally results in the waiver of objections to the requests. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992) (finding that party "waived any objection to production by failing to object when disclosure was due"); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (finding that objections to requests for production were waived by failure to make timely objections); *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *accord Amir Athletic, L.L.C. v. State Farm Fire & Cas. Co.*, No. CIV. A. 11-2082, 2012 WL 520658, at *2 (E.D. La. Feb. 16, 2012); *Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ill. 2006); *Brown-Stahlman v. Charter Trust Co.*, No. 04-CV-322, 2006 WL 680874, at *1 (D.N.H. Mar. 16, 2006).

New Orleans, Louisiana, this 17th day of August, 2022.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**