**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SENSIVA HEALTH, LLC**<br><br>**VERSUS**<br><br>**UNIVERSAL MEDITECH, INC. and KAREKIN KHATCHADOORIAN** | **CIVIL ACTION NO. 21-00598**<br><br>**JUDGE GREG GERARD GUIDRY**<br><br>**MAGISTRATE JUDGE MICHAEL NORTH**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE***

Plaintiffs Sensiva Health, LLC ("Sensiva") and Cormeum Lab Services, LLC ("Cormeum"), through undersigned counsel, respectfully submits this Motion *in Limine* to limit or exclude any testimony, evidence, or argument at trial regarding any claims, disputes, settlements, proceedings, or litigation involving Sensiva, Cormeum, and/or their principals. For the reasons herein, pursuant to the Federal Rules of Evidence 401, 402, 403, and 404, such evidence should be excluded at trial because it is irrelevant, highly prejudicial, and will only confuse the jury and delay/unreasonably extend the trial.

## INTRODUCTION

Sensiva anticipates that Universal Meditech, Inc. ("UMI") may attempt to elicit testimony or evidence regarding other disputes, settlements, or litigation that are unrelated to this case. Specifically, UMI may introduce evidence regarding the following:

(1) an unrelated and settled *qui tam* litigation proceeding involving a prior company that Dr. Tarun Jolly (named as a Defendant herein) was involved in (the "*Qui Tam* Action");

(2) unrelated and settled commercial litigation disputes between Sensiva/Cormeum, and non-parties to this suit (a) Steuart Contract Packaging ("Steuart") and (b) Coastal Laboratories,

Inc. and AMSOnSite, Inc. ("Coastal/AMSOnSite"), (collectively, the "Steuart and Coastal/AMSOnSite Lawsuits"); and

(3) unrelated commercial litigation involving Sensiva/Cormeum, and a non-party to this suit, BKK Solutions, LLC, formerly BCK Medical Holdings, LLC ("BKK"), ("the "BKK Lawsuit").

In its Counterclaim, UMI specifically referenced the *Qui Tam* Action. [Rec. Doc. 18, p. 21, ¶ 4]. While Dr. Jolly is a principal of Sensiva and Cormeum, neither Sensiva nor Cormeum were parties to the *Qui Tam* Action. Further, the *Qui Tam* Action was settled before any ruling or trial.

In addition to the *Qui Tam* Action, UMI may seek to introduce evidence regarding separate, unrelated disputes with Steuart, BKK, and Coastal/AMSOnSite. During discovery, UMI issued subpoenas to both Steuart and BKK. The dispute between Sensiva/Cormeum and Steuart was settled almost immediately and involved entirely different contracts, facts, claims, and parties. The disputes between Sensiva/Cormeum and (a) BKK and (b) Coastal/AMSOnSite similarly involve completely different contracts, facts, claims, and parties, and have no relationship to the instant dispute.

## LAW AND ARGUMENT

### I. Evidence regarding other claims, disputes, settlements, proceedings, or litigation involving Sensiva, Cormeum, and/or their principals should be excluded because it is irrelevant and highly prejudicial.

Under Rule 401, evidence is relevant only if it has a tendency to make the existence of any fact that is of consequence to the determination of the dispute more or less probable than it would be without the evidence. Fed. R. Evid. 401. Thus, to be relevant, evidence must meet two requirements: "(1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action."

*United States v. Hall*, 653 F. 2d 1002, 1005 (5th Cir. 1981). Evidence that is not relevant is not admissible. *See* Fed. R. Evid. 402. Here, any testimony, exhibits, or evidence relating to other claims, disputes, settlements, proceedings, or litigation involving Sensiva, Cormeum, and/or their principals is irrelevant and thus inadmissible at trial.

Even if the Court determines that testimony or evidence relating to other claims, disputes, settlements, proceedings, or litigation involving Sensiva, Cormeum, and/or their principals is relevant, Rule 403 demands that it nonetheless be excluded from trial. Under Rule 403, relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or undue delay. *See* Fed. R. Evid. 403.

Here, evidence regarding other claims, disputes, settlements, proceedings, or litigation involving Sensiva, Cormeum, and/or their principals should be excluded pursuant to Rules 401, 402, 403, and 404 because such evidence is irrelevant, unfairly prejudicial, and inadmissible "prior acts" evidence. To be clear, nothing about these other commercial disputes has any tendency to make any fact at issue in the instant lawsuit more or less probable. Courts routinely exclude such evidence regarding other disputes on the basis that it is irrelevant and unfairly prejudicial. *See, e.g.*, *Johnson v. Ford Motor Co.*, 988 F.2d 573, 578-81 (5th Cir. 1993) (district court properly excluded evidence of other lawsuits because the facts and circumstances of those lawsuits were not substantially similar to the facts and circumstances in the case before the court); *Care v. Laurain*, No. 3:16-00777, 2021 U.S. Dist. LEXIS 256117, at *26-27 (W.D. La. Mar. 29, 2021) (granting motion *in limine* to exclude evidence of other lawsuit, finding that there was no evidence in the record of any relevance of the lawsuits and that any probative value was substantially outweighed by the danger of unfair prejudice and jury confusion); *Stubblefield v. Suzuki Motor Corp. of Am.*, No. 3:15-CV-18-HTW-LRA, 2018 U.S. Dist. LEXIS 168644, at *15-16 (S.D. Miss.

Sep. 30, 2018) (granting motion *in limine* to exclude evidence of other lawsuits, finding that such evidence would be extremely prejudicial and the facts of the other lawsuits would overwhelm the jury).

Indeed, the three factors that are relevant to the admissibility of other alleged wrongs are: (1) the relevance to an issue other than character; (2) whether the probative value outweighs the potential for prejudice; and (3) the strength of the proof that the act or offense was committed. *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1465 (5th Cir. 1992) (affirming trial court judgment granting motion *in limine* to preclude introduction of evidence regarding other lawsuits because the danger of prejudice outweighed any probative value of the evidence). None of these factors are present here, and therefore any evidence of other claims or litigation involving Sensiva, Cormeum, and/or their principals, should be excluded. As explained below, the *Qui Tam* Action, the Steuart and Coastal/AMSOnSite Lawsuits, and the BKK Lawsuit, are particularly irrelevant and prejudicial because there was and/or has been no final judgment in those disputes. *See id.* (finding that the probative value of other lawsuits should be given even less weight when there has been no final judgment in those cases).

**A. Evidence regarding the *Qui Tam* Action should be excluded.**

Information or testimony relating to the *Qui Tam* Action has no relevance or connection to this case. The *Qui Tam* Action was a separate, unrelated proceeding involving a Medicare investigation and an unrelated laboratory co-owned by Dr. Jolly. While Dr. Jolly is a principal of Sensiva and Cormeum, neither Sensiva nor Cormeum were parties to the *Qui Tam* Action. The *Qui Tam* Action involved different facts, claims, and parties. Further, the *Qui Tam* Action was settled prior to any ruling, judgment, or judicial determination. To be clear, nothing about this prior dispute has any tendency to make any fact at issue in the instant lawsuit more or less probable.

Accordingly, such evidence has no likelihood of proving any material facts relevant to the claims or defenses in this case.

Even if the *Qui Tam* Action could be considered somehow relevant, such evidence should be excluded under Rule 403. Any conceivable relevance of the *Qui Tam* Action is substantially outweighed by the risk of prejudice and confusing and misleading the jury. Since this action was settled, such evidence may mislead the jury to make improper or prejudicial inferences about Dr. Jolly or what the outcome of the case should have been. *See Lambert v. City of McComb*, No. 5:19cv141-HSO-MTP, 2021 U.S. Dist. LEXIS 253187, at *11-13 (S.D. Miss. Mar. 25, 2021) (granting motion *in limine* to exclude evidence of separate lawsuit and settlement because any probative value of the evidence was substantially outweighed by the risk of prejudice and confusing and misleading the jury). Accordingly, any evidence regarding the *Qui Tam* Action should be excluded at trial.

**B Evidence regarding the Steuart and Coastal/AMSOnSite Lawsuits should be excluded.**

Evidence regarding the Steuart and Coastal/AMSOnSite Lawsuits should similarly be excluded because such evidence is irrelevant, highly prejudicial, and inadmissible "prior acts" evidence. There is no relevance between the facts and issues in this case and those prior matters. Indeed, neither Steuart, Coastal, nor AMSOnSite are parties to this suit, and these prior disputes involved entirely separate contracts, claims, and evidence. Further, similar to the *Qui Tam* Action, these prior lawsuits settled without any judicial determination. *Id*. To be clear, nothing about these other commercial disputes has any tendency to make any fact at issue in the instant lawsuit more or less probable. Accordingly, any evidence regarding the Steuart and Coastal/AMSOnSite Lawsuits should be excluded at trial.

### C. Evidence regarding the BKK Lawsuit should be excluded.

Finally, evidence regarding the BKK Lawsuit should also be excluded because such evidence is irrelevant, highly prejudicial, and inadmissible "prior acts" evidence. There is no relevance between the facts and claims in this case and the BKK Lawsuit. BKK is not a party to this suit. Nothing about this prior commercial dispute has any tendency to make any fact at issue in the instant lawsuit more or less probable. Further, the BKK Lawsuit is still pending, and there has been no ruling. Therefore, there is a real risk that introducing such evidence could cause the jury to make improper inferences about the BKK Lawsuit and improperly attempt to try that case within this case. Accordingly, any evidence regarding the BKK Lawsuit should be excluded at trial.

## CONCLUSION

For the foregoing reasons, pursuant to Rules 401, 402, 403, and 404, Sensiva respectfully requests that the Court enter an order limiting and excluding any testimony, evidence, and argument at trial regarding any claims, disputes, settlements, proceedings, or litigation involving Sensiva, Cormeum, and/or their principals.

Respectfully Submitted:

*/s/ Tarak Anada*

TARAK ANADA (#31598)
LAUREN C. MASTIO (La. Bar #33077)
MICHAEL J. O'BRIEN (La. Bar #38852)
TREY K. BARTHOLOMEW (#39114)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com
lmastio@joneswalker.com
mobrien@joneswalker.com
tbartholomew@joneswalker.com

*Attorneys for Sensiva Health, LLC, Cormeum Lab Services, LLC, and Tarun Jolly, M.D.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been forwarded to opposing counsel of record by e-filing in the Court's CM/ECF system, this 28th day of September, 2022.

*/s/Tarak Anada*