UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SENSIVA HEALTH, L.L.C., ET AL.**                                  **CIVIL ACTION**

**VERSUS**                                                                              **NO. 21-598**

**UNIVERSAL MEDITECH, INC., ET AL.**                       **SECTION T (5)**

## ORDER

It has come to the Court's attention that its prior Order (R. Doc. 193) inadvertently failed to identify Tarun Jolly, M.D. as a counter defendant and, thus, did not include a dismissal of defendant Universal Meditech, Inc.'s counterclaims against Dr. Jolly. Accordingly, the Court VACATES its prior Order (R. Doc. 193) and replaces it with the following:

On November 18, 2022, the Magistrate Judge issued a Report and Recommendation (the "Report"), recommending that default judgment be entered against Defendant, Universal Meditech, Inc. ("UMI"), and that its counterclaims against Plaintiffs/Counter Defendants, Sensiva Health, LLC, Cormeum Lab Services, LLC, and Tarun Jolly, M.D. (collectively, "Sensiva"), be stricken from the record.[1] The Magistrate Judge further recommended that a hearing be held under Federal Rule of Civil Procedure 55 to determine the quantum of damages, if any, due to Sensiva.[2] The Court, having considered the record, applicable law, the Report of the Magistrate Judge, and the failure of any party to file an objection to the Report, hereby approves the Report and adopts it as its opinion in this matter, as modified below.

The basis of the litigation-ending Report is UMI's "contumacious and continuing discovery misconduct" including its willful violation of multiple Court orders.[3] UMI's misconduct spurred these dispositive sanctions when, after failing to abide by several discovery-related Orders, UMI

---

[1] R. Doc. 192.
[2] R. Doc. 192.
[3] R. Doc. 192, p. 11.

defied a rule to show cause order[4] issued by the Magistrate Judge requiring a representative of the company to appear, in person, on November 9, 2022, and explain its ongoing violations. When a representative of UMI failed to appear at the hearing, the Magistrate Judge fairly concluded that UMI has "routinely and intentionally" decided not to participate in these proceedings, evidencing its total indifference to the rules and this Court's orders.[5] Indeed, Federal Rule of Civil Procedure 37 provides for dispositive sanctions and ample Fifth Circuit precedent endorses its imposition where, as here, the following four factors are satisfied: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation "substantially prejudiced the opposition party;" and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994); Fed. R. Civ. Pro. 37 (b)(2). UMI's attitude toward participating in this case is perhaps best exemplified by its failure to file any objection to the Magistrate Judge's Report by the December 2, 2022, deadline. Even when faced with dismissal of its claims and a default judgment, UMI still refuses to participate, solidifying the Magistrate Judge's and this Court's conclusion that no lesser penalty would suffice to deter UMI's dereliction going forward. The Court ADOPTS the Magistrate Judge's Report and Recommendations insofar as it is recommended that default judgment be entered against UMI and UMI's counterclaims be stricken.

      The Report lastly recommends that a hearing on the quantum of Sensiva's damages be held pursuant to Federal Rule of Civil Procedure 55. The Court, however, modifies this recommendation and orders the parties to submit briefing on Sensiva's damages as detailed below. Thereafter, if necessary, the Court will set the matter for hearing.

---

[4] R. Doc. 182.
[5] The Court notes, as did the Magistrate Judge's Report, that the actions of UMI, not its attorneys, caused the violations at issue.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED, as modified.**

**IT IS FURTHER ORDERED** that DEFAULT JUDGMENT is entered against defendant, Universal Meditech, Inc., as to all claims asserted against it by plaintiffs, Sensiva Health, LLC and Cormeum Lab Services, LLC.

**IT IS FURTHER ORDERED** that all counterclaims asserted by Universal Meditech, Inc., against counter-defendants, Sensiva Health, LLC, Cormeum Lab Services, LLC, and Tarun Jolly, M.D., are STRICKEN.

**IT IS FURTHER ORDERED** that plaintiffs, Sensiva Health, LLC and Cormeum Lab Services, LLC, file and serve a memorandum concerning its quantum of damages on or before January 11, 2023. Universal Meditech, Inc. must file any response memorandum within 14 days after service of plaintiffs' memorandum.

New Orleans, Louisiana, this 13th day of December, 2022.

_____
Greg Gerard Guidry
United States District Judge