UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SENSIVA HEALTH, LLC | CIVIL ACTION NO. 21-00598 |
| VERSUS | JUDGE GREG GERARD GUIDRY |
| UNIVERSAL MEDITECH, INC., and KAREKIN KHATCHADOORIAN | MAGISTRATE JUDGE MICHAEL NORTH |

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR UNIVERSAL MEDITECH INC. BY DEUTSCH KERRIGAN L.L.P.**

Pursuant to Local Rule 83.2.11 and Louisiana Rule of Professional Conduct 1.16(b), attorneys of record for Universal Meditech, Inc. and Karekin Khatchadoorian ("Defendants") should be granted leave to withdraw as counsel of record in the above-captioned matter.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *United States v. Porter*, No. 12-198, 2013 WL 5232334, at *5 (E.D. La. Sept. 13, 2013) (internal quotation marks omitted). The withdrawal of an attorney is a matter entrusted to the sound discretion of the court. *Id.* When an attorney moves to withdraw from a case, the Court must assure itself that allowing the attorney to withdraw would not disrupt the prosecution of the lawsuit and that the withdrawal of counsel is for good cause. *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir.1981).

When evaluating whether to permit an attorney to withdraw, "courts consider factors such as the reason withdrawal is sought, the prejudice the withdrawal may cause to the other litigants, the harm withdrawal may cause to the administration of justice, and the degree to which withdrawal may delay resolution of the case." *Zurich Am. Ins. Co. v. Karken, Ltd.*, No. 98-2833,

1999 WL 307612, at *1 (E.D. La. May 13, 1999). "It is incumbent on the court to assure that the prosecution of the lawsuit is not disrupted" by the withdrawal of counsel. *Broughten v. Voss*, 634 F.2d 880, 882-83 (5th Cir. 1981).

The prosecution of the lawsuit will not be disrupted by withdrawal of counsel nor will there be any prejudice to other litigants. Due to UMI's failure to participate in discovery, the Court rendered default judgment against it as to all claims asserted by the plaintiffs and struck all counterclaims asserted by UMI. [RD 197.] Subsequently, the trial was cancelled. [RD 198.] Thus, no other litigant can be prejudiced by counsels' withdrawal at this stage of the proceedings and delay and disruption of the prosecution of the lawsuit is not a concern.

Undersigned counsel has conferred with counsel for Plaintiffs about this withdrawal. Out of an abundance of caution, undersigned counsel views this motion as opposed because Plaintiffs' counsel voiced a concern about withdrawal and did not provide unconditional consent to this motion.

Under Local Rule 83.2.3, the attorneys in this litigation are obligated to observe the Rules of Professional Conduct as adopted by the Louisiana Bar Association. The Court should look to those rules in determining whether counsel's motion is supported by good cause. Here, good cause exists to permit Deutsch Kerrigan's withdrawal pursuant to Local Rule 83.2.3 and Louisiana Rule of Professional Conduct 1.16(b)(4), (5), and (6). Out of an abundance of caution, Deutsch Kerrigan is not at liberty to elaborate further on the reasons why good cause exists to grant this Motion. *See* LA. R. PROF COND. 1.6. If the Court requires further support for the good-faith basis supporting good cause in the filing of this Motion, Deutsch Kerrigan requests that any such submission(s) be made in camera and that such submissions exclude information protected by the attorney-client privilege and/or attorney work product doctrine.

Pursuant to the requirements of Local Rule 83.2.11, the following information is provided for Defendants' last known address, telephone numbers, and email addresses:

| | |
|---|---|
| Address: | 1320 E. Fortune Ave., #102<br>Fresno, CA 93725 |
| Telephone Numbers: | 559-366-7798<br>559-207-0722 |
| Email Address(s) | admin@universal-meditech.com<br>sales@universal-meditech.com<br>yanwang@universal-meditech.com<br>lynn@universal-meditech.com |

Deutsch Kerrigan has attempted to contact Defendants using the above information to no avail for over two (2) months.

For the foregoing reasons, Defendants' counsel respectfully requests that the Court (a) grant this Motion for Leave to Withdraw as Counsel of Record for Defendants, (b) authorize Deutsch Kerrigan to withdraw as counsel of record for Defendants, and (c) relieve Deutsch Kerrigan of any and all further obligations on behalf of the Defendants in this action.

Respectfully submitted,

*/s/ Raymond C. Lewis*

ROBERT E. KERRIGAN (#07350)
rek@deutschkerrigan.com
RAYMOND C. LEWIS (#31236)
rlewis@dkslaw.com
DEVIN J. BARNETT (#33001)
dbarnett@deutschkerrigan.com
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201

Certificate of Service

I HEREBY CERTIFY that on January 24, 2023, the foregoing was filed electronically using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Raymond C. Lewis*
Raymond C. Lewis